FILED

AO 241 (Rev. 09/17)

OCT 13 2022

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

| United States District Court | | District: EASTERN | |
|---|---|---|---|
| Name (under which you were convicted): TIANTE DION SCOTT | | | Docket or Case No.: 2:22-CV-1815-DB(HC) |
| Place of Confinement: PO Box 290066 CSP-SACRAMENTO | | Prisoner No.: F53452 | |
| Petitioner (include the name under which you were convicted) | | Respondent (authorized person having custody of petitioner) | |
| TIANTE DION SCOTT | v. | JEFF LYNCH | |
| The Attorney General of the State of: CALIFORNIA | | | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    THE SUPREME COURT OF CALIFORNIA

    350 McALLISTER STREET

    SAN FRANCISCO, CA. 94102-4797

    (b) Criminal docket or case number (if you know):   S275602

2.  (a) Date of the judgment of conviction (if you know):   September 21, 2022 (NEW LAW)

    (b) Date of sentencing:   December 1, 2009

3.  Length of sentence:   36 yrs

4.  In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    (four separate counts of) 211 ROBBERY ; (four separate

    counts of) 12022.53(b) FIRE ARM ENHANCEMENT, and

    (one count of) 667.5(b) NON-VIOLENT PRISON PRIOR EN-

    HANCEMENT        (SEE EXHIBIT B1+B2)

6.  (a) What was your plea? (Check one)

    ☒ (1)  Not guilty      ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty          ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

_____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☒ No

8.    Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:    THE SUPREME COURT OF CALIFORNIA

(b) Docket or case number (if you know):    S165979

(c) Result:    Pet. for Review denied - SENTENCE Affirmed

(d) Date of result (if you know):    September 24, 2008

(e) Citation to the case (if you know):    N/A

(f) Grounds raised:    COUNTS 3 and 4 of 211 ROBBERY illegal
SENTENCE, High term of Aggravated term is in
ERROR. (Counsel refused to Argue illegal gun
enHancement)

_____

_____

_____

(g) Did you seek further review by a higher state court?    ☐ Yes    ☐ No

If yes, answer the following:

(1) Name of court:    U.S. DISTRICT COURT, EASTERN DIST. of CALIFORNIA

(2) Docket or case number (if you know):    2:10-cv-01220-JKS

(3) Result:    HABEAS Corpus Denied

_____

AO 241 (Rev. 09/17)

(4) Date of result (if you know): MARCH 1, 2012

(5) Citation to the case (if you know): N/A

(6) Grounds raised: Due process, Equal protection For
P.C. 8654, Prosecutor misconduct, Illegal conviction
Ineffective Assistance of Counsel, Illegal Fine im-
posed, Illegal Gun Enhancement, I.A.C. for Appellate Counsel

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions
concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: Supreme Court of California

(2) Docket or case number (if you know): S 275602

(3) Date of filing (if you know): August, 1, 2022

(4) Nature of the proceeding: Motion For Resentencing

(5) Grounds raised: (New Law SB483 Enacted) motion From
AN INVALID Sentence per Senate Bill 483,
SB 620, SB81, Penal Code 1171.1 (a) and
Penal Code 1385, United States Fourteenth
Constitution Amendment in Regards to Due
process and equal protection of law. Also
Penal code 1237 (see Exhibit G: could
not provide exhibits too many pages - prison page
limit exceeded)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: Petition For Review Denied

AO 241 (Rev. 09/17)

(8) Date of result (if you know): September 21, 2022

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Court of Appeal for the STATE of CALIFORNIA 3rd Appelle

(2) Docket or case number (if you know): C096241

(3) Date of filing (if you know): 4/27/22 & 6/8/2022 (MAIL BOX RULE?)

(4) Nature of the proceeding: Appeal and ReHEARING MOTION

(5) Grounds raised: MOTION FROM AN INVALID SENTENCE PER
SENATE BILL 483, SB 620, SB 81, PENAL CODE
1171.1(a) and PENAL CODE 1385, United STATE
FOURTEENTH CONSTITUTION Amendment in re-
gard to due process and equal protection of
LAW (See EXHIBIT F, PLEASE NOTE THE EXHIBITS for
THAT HAS NOT BEEN ATTACHED for lack of funds to make copies
and PAGE COPY COUNT rules - EXHIBITS ARE IN record)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: Appeal Dismissed, MOTION TO reHEAR Denied

(8) Date of result (if you know): 5/31/2022 & 6/23/2022

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: SUPERIOR COURT of CALIFORNIA COUN. of Sacramen

(2) Docket or case number (if you know): 06F03604

(3) Date of filing (if you know): Jan. 3, 2022

(4) Nature of the proceeding: Motion for resentencing

(5) Grounds raised: (NEW LAW ENACTED SB 483) MOTION
FROM AN INVALID SENTENCE per Senate Bill 483,
SB 620, SB 81, P.C. 1171.1(a), and PC 1385
(See ATTACHMENT #1 and #2)

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: _MOTION DENIED_

(8) Date of result (if you know): _3/29/2022_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☒ Yes   ☐ No

(2) Second petition:   ☒ Yes   ☐ No

(3) Third petition:   ☒ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_N/A_

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** _UNDER SB483 PETITIONER NOW HAS AN INVALID SENT-_
_ENCE, AND IS BEING denied due PROCESS AND equal PROTECTION to correct_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_WHERE STATE LAW HAS DEEMED AN ENHANCEMENT FOR NON-VIOLENT Felony_
_PRISON PRIOR AS INVALID, CAN THE CALIFORNIA DEPARTMENT OF CORRECTIONS_
_REFUSE TO refer a Petitioner a resentencing HEARING? Petitioner_
_claims a violation of equal protection AND Due Process, after Being denied_
_resentencing by California Dep. of corrections personnel AND THE_
_SUPERIOR COURT. (CONTINUED ON PAGE 3-A)_

(b) If you did not exhaust your state remedies on Ground One, explain why: 

_N/A_

## STATEMENT OF THE CASE

Petitioner Scott and two other co-defendants were convicted at jury trial of four counts of first degree robbery in concert (penal code 211, 213(a)(1)(A)), plus firearm enhancements and a penal code 667.5(b) prison prior enhancement. (see exhibit B1)

## STATEMENT OF FACTS

On November 8, 2021 Petitioner was interviewed by his counselor (CC1) S.Walters, in regards to his annual review, at which Petitioner informed and requested CC1 Walters of the new law amending Senate Bill (SB) 483. CC1 Walters told the Petitioner he would not identify Petitioner, Tiante Scott as eligible for a sentence modification. Petitioner requested a Legal Status Summary, (see exhibit C1+C2) at which made the Petitioner point out his conviction of P.C. 667.5(b), which made the Petitioner eligible for resentencing to cure an invalid sentence. CC1 Walters stated he still would not refer Petitioner Tiante Scott.

Petitioner then obtained a copy of SB483 (see attachment #1) to check what the requirements of the California Department of Corrections and Rehabilitation (CDCR) duties were for informing the courts of qualified incarserated persons. (Att. #1)

According to SB483 The CDCR Personell were required to identify all who were sentenced to P.C. 667.5(b). In the instructions of SB 483 the language in P.C. 1171.1(b) explains CDCR

-3-A

Personell shall identify those persons currently serving a
term for a judgment that includes an enhancement described in
subdivision (a). (1171.1(a))

Petitioner has been denied by CDCR Personell and the Sup-
erior court, this decision being in contradiction to governing
law, in which depriving the Petitioner equal protection of law
and due process of law.

Petitioner then filed a "Motion for Resentencing" in the Sup-
erior Court on January 3, 2022. On March 29, 2022 the Superior
Court, Judge M.Sweet, denied the Petitioner's request. In short
the Superior Court acknowledged the Petitioner was eligible for
resentencing, but not until 2023. The Superior Court judge failed
to recognize that CDCR Personell refused to submit the Petition-
er. The Superior Court glossed over the language in SB483 that
directs the CDCR Personell to submit all persons sentenced to
P.C. 667.5(b) by March 1, 2022. Petitioner is sentenced to P.C.-
667.5(b), The Superior Court, by law was supposed to schedule
a hearing for resentencing. (see exhibit B1) Superior Court
denied Petitioner's "Motion for Resentencing" on March 29, 2022.
(see exhibit A1)

On May 3, 2022 Petitioner attempted to file a "Notice of
Appeal" (NOA) and a Appeal. The Clerk of the Appellate Court
returned it to the Petitioner because Petitioner failed to file
a NOA in the Superior Court first. Petitioner then filed a
CR-120 form for "Notice of Appeal" on May 12, 2022. (exh.D1+3)

-4-**A**

1   On June 4, 2022 the Central California Appellate Program returned
2   the Petitioner Clerk transcript on Appeal with a letter dated
3   May 31, 2022. The letter informed the Petitioner that the Third
4   Appellate Court had dismissed his case. (see exhibits E1-E4)

5   On June 8, 2022 Petitioner filed a Motion for rehearing, stat-
6   ing a violation of equal protection and due process of law. The
7   Petitioner's motion was denied on June 23, 2022.

8

9                          **NECESSITY FOR REVIEW**

10

11   On October 8, 2021 Senate Bill 483 (SB483) was passed. This
12   law would begin to be in effect on March 1, 2022. What this law
13   required is for every person who was sentenced to an additional
14   one-year term for each separate prison term... served by the
15   defendant for a non-violent felony, (P.C. 667.5(b)) are legally
16   invalid. (see ATTACHMENT #1)

17

18   The Petitioner is currently sentenced to P.C. 667.5(b) and
19   is now sentenced to an invalid sentence. The Superior Court
20   has overlooked the charges available in the Petitioner's abst-
21   ract of Judgment. (exh. B1) The language in SB483 has deemed
22   P.C. 667.5(b) invalid. The Petitioner has served his principle
23   charge and is now serving a sentence based on enhancement. To
24   deny the Petitioner a resentencing immediately would deny the
25   Petitioner his right  to due process and equal protection of law.
26   (U.S. Const. 14 Amendment) To deny the Petitioner an Appeal of
27   the decision made on March 29, 2022 and May 31, 2022, denies
28   the Petitioner access to the court and the right to due process.

                                -5-**A**

On May 31, 2022 the Third Appellate Court responded to the
Petitioner with a dismissal. The case cited for the dismissal
were People v. Pritchett, (1993) 20 Cal. App. 4th 190, 193-194,
People v. King, (2022) 77 Cal. App. 5th 629, 634-637. Petitioner
could not find People v. Pritchett but the People v. King case
is not relevant to the Petitioner's case. In the King case King
was challenging a decision of his conviction. The Petitioner
is not challenging a plea agreement Petitioner is challenging
an invalid sentence. Petitioner has the authority of the law
to support his reason for resentencing. Penal Code 1237 permitts
a defendant to appeal in two circumstances, (1) from a  "final
judgment of conviction or, (2) from any order made after judg-
ment which affects the substantial rights of the party.

Senate Bill 483 has deemed P.C. 667.5(b) invalid. In accord-
ance with Penal Code 1237 Petitioner has the right to address
a resentencing to correct the illegal sentence.
In the language of Senate bill 483 it does not give the
California Correctional department the authority to deny a re-
sentencing of this invalid sentence. This is not like Penal
Code 1170.03, which gives the CDCR personnel the authority
to choose whom they deem eligible for sentence modification.


## CONSTITUTION LAWS VIOLATED


under the Fourteenth Amendment of the United States Const-
itution reads as follows: "All persons born or naturalized in
the United States, and subject to the Jurisdiction thereof, are

-6-A

citizens of the United States and of the State wherein they re-
side. No State shall make or enforce any law which shall abridge
the privileges or immunities of citizens of the United States;
Nor shall any state deprive any person of life, liberty, or
property, without due process of law; Nor deny to any person
within It's Jurisdiction the equal protection of the laws."

Under the 14th Amendment no state shall make or enforce any
law that conflicts with federal law. (14th Amend., William v.
Taylor, 529 U.S. 362, 402-06 (2000); see also Lockyer v. Andrade
, 538 U.S. 63, 70-75 (2003))

When the CDCR CC1 S. Walters willfully denied the Petitioner
access to the court to cure his invalid sentence, he willfully
relied on a law or authority that is in conflict with SB483
and  the State's Penal codes §§1171.1(a)+(b) and 1237 governing
law. By denying the Petitioner access to the court also denied
him due process and equal protection of law.

### AEDPA STATUTE OF LIMITATION RULE

According to the AEDPA which passed April 24, 1996, the law
regarding the statute of limitation to file in the court is one
year. The Petitioner only has one year, upon gaining knowledge
of new law, to file in the courts upon the new law being enacted.
SB483 was amended and signed October 8, 2021. If the Petitioner
waits until next year, as the Superior Court suggests, he will
be time barred. The CDCR Personnell and Superior Court are pre-
senting a liberty interest and a civil abridgement by not equally

allowing the Petitioner access to the court to cure his invalid

sentence in the timely period governed to the Petitioner by the

AEDPA.


## IN CONCLUSION


The Petitioner is without remedy because the CDCR Personnell,

who is responsible to submit relevant persons, will not submitt

the Petitioner's name to be redressed of an invalid sentence. In

addition the Superior Court will not appoint redress. The Petit-

ioner is within his legal right to seek redress from the court

, as a United States Citizen, for a violaton of law and his civil

rights. As of now the Petitioner is being denied acces to the

Court. If the State Court does not relieve the Petitioner of

his invalid sentence, Petitioner is left to seek civil redress,

because the Petitioner will be time barred from filing, the

expiration for the Petitioner is October 8, 2022.


Petitioner prays the supreme Court to correctly address this

issue and allow Petitioner a resentencing, in accordance with

all laws that apply to his case.

Petitioner has attached his Abstract of Judgment as EXHIBIT

B1+B2 , the Order for the Third Appellate district, Appeals

Court on May 31, 2022, annd the Denial for Rehearing from the

Third Appellate District, Appeals Court on June 23, 2022, labled

as   EXHIBIT - A8 (05/31/22) and EXHIBIT - A9 (06/23/22). The

Abstract of judgment can confirm the invalid P.C. 667.5(b) charge

that Petitioner is now illegally sentenced under.

-8-A

1    Petitioner has attached the Appeal Motion of May 17, 2022

2  and pray the court to review the argument, points and authorit-

3  ies also subitted. (EXHIBIT F) (see exhibit G also)

6                         **VERIFICATION**

9  I, TIANTE SCOTT, State;

11    I am the Petitioner in this action. I have read the foregoing

12  petition for Motion  for Review and the facts stated therein

13  are true of my own knowledge, except as to matters that are

14  therein stated on my own information and belief, and as to

15  those matters I believe them to be true.

18    I declare under penalty of perjury that the foregoing is

19  true and correct and that this declaration was executed at

20  California State Prison-Sacramento, represa california on

21  OCTOBER 11            ,  2022

24                              RESPECTFULLY SUBMITTED,

27                              TIANTE D. SCOTT

                              — 9 — A

AO 241 (Rev. 09/17)

**(c)**     **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?      ☒ Yes    ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:    N/A

**(d)**  **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☒ Yes    ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:    Motion For Review

    Name and location of the court where the motion or petition was filed:    THE Supreme Court of THE STATE of California

    Docket or case number (if you know):    S 275 602

    Date of the court's decision:    Sep. 21, 2022

    Result (attach a copy of the court's opinion or order, if available):    Petition Denied See EXHIBIT A-10 and EXHIBIT G

    (3) Did you receive a hearing on your motion or petition?      ☐ Yes    ☒ No

    (4) Did you appeal from the denial of your motion or petition?      ☒ Yes    ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?      ☒ Yes    ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:    THE present HABEAS Corpus writ is THE Appeal from California Supreme Court.

    Docket or case number (if you know):    N/A

    Date of the court's decision:    N/A

    Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

     N/A

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____ N|A _____

_____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐  Yes     ☐  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

AO 241 (Rev. 09/17)

13.  Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?   ☒ Yes    ☐  No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:          N|A

(b)  Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

NO

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?      ☐    Yes     ☒ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.   I M  CHALLENGING  THE  ENACT-

MENT  OF  a  NEW  LAW , THE  ISSUES  IN  this

PETITION  are  PRESENTED  FOR  THE  FIRST  TIME.

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?      ☐    Yes     ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____N|A_____

(b) At arraignment and plea: _____N/A_____

(c) At trial: _____N|A_____

(d) At sentencing: _____N|A_____

(e) On appeal: _____N|A_____

(f) In any post-conviction proceeding: _____N|A_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____N|A_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____N|A_____

(b) Give the date the other sentence was imposed: _____N|A_____

(c) Give the length of the other sentence: _____N|A_____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     ☐ Yes    ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____N|A_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Order SENTENCING COURT TO CORRECT INVALID SENTENCE AND INCLUDE APPLICABLE SENTENCING AVAILABLE ACCORDING TO LAW ( SB483, SB620, SB81, P.C.1171.1 (a)
or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for
Writ of Habeas Corpus was placed in the prison mailing system on   10 / 11 / 2022   (month, date, year).

Executed (signed) on   10 / 11 / 2022   (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

# PROOF OF SERVICE

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, ___Tuante Scott___, am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action. My address is:

CSP-Sacramento
P.O. Box 290066
Represa, CO. 95671

On, ___10/11/2022___, I served the following documents:

Petition under 28 U.S.C § 2254 For Writ of Habeas Corpus by a person in State Custody, with exhibit A1-G including attachments 1 & 2

on the below named individual(s) by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

1. Clerk, United States District Court for the Eastern District of California
501 I Street # 4-200
Sacramento CA, 95814

2. _____

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this ___11th___ day of ___October___, ___2022___, at California State Prison - Sacramento, Represa, California.

(Signature) ___Dante Scott___

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit:

COURT   ORDERS

Number of pages to this Exhibit: _____7_____ pages.

JURISDICTION:   (Check only one)

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [x] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SACRAMENTO**

EXHIBIT - A1 - A7

| | | | |
|---|---|---|---|
| **DATE** | : MARCH 29, 2022 | **DEPT. NO** | : 20 |
| **JUDGE** | : MICHAEL W. SWEET | **CLERK** | : M. DIAZ |
| **REPORTER** | : NONE | **BAILIFF** | : NONE |

**People of the State of California,**
**Plaintiff,**

**Case No. 06F03604**

**v.**

**TIANTE SCOTT,**
**Defendant.**

---

**Nature of Proceedings:**   **MOTION FOR RESENTENCING - ORDER**

Defendant seeks resentencing under Senate Bill 483 (Stats. 2021, ch. 728) (SB 483), Senate Bill 81 (Stats. 2021, ch. 721) (SB 81) and Senate Bill 620(Stats. 2017, ch. 682, § 1) (SB 620). Defendant may be entitled to resentencing under SB 483, but the present motion is the improper vehicle to begin the resentencing process.

*I. Introduction*

In 2006, a jury convicted defendant of four counts of robbery in concert (Pen. Code, §§ 211, 213[1]) and one count of unauthorized possession of a firearm (§ 29800). It was also determined defendant used a firearm in the commission of each robbery (§ 12022.53, subd. (b)) and that he had served a prior prison term that qualified for a one-year sentence enhancement (§ 667.5, subd. (b)). The Court sentenced defendant to an aggregate term of 36 years. The Third District Court of Appeal affirmed the judgment in full in 2008.

On January 3, 2022, defendant filed a "Motion for Resentencing Pursuant to SB 483, SB 81, SB 620, PC 1171.1(a) and PC 1385." In the motion, defendant argues SB 483 entitles him to resentencing, and once "reopened," the Court can consider dismissing his gun enhancements under SB 81 and SB 620. Defendant concludes his motion with a summary of the positive changes he has made during his incarceration.

---

[1] All future statutory references are to the Penal Code unless otherwise noted.

Superior Court of California,
County of Sacramento

DATE        : MARCH 29, 2022
CASE NO.    : 06F03604
CASE TITLE  : PEOPLE v. SCOTT

BY:   M. DIAZ,
       Deputy Clerk

EXH. A2

CASE NUMBER:    06F03604                                                    DEPARTMENT: 20
CASE TITLE:     PEOPLE v. SCOTT
PROCEEDINGS:    ORDER- MOTION FOR RESENTENCING

The Court finds defendant will be entitled to resentencing under SB 483. However, resentencing under SB 483 must occur according to the process outlined in section 1171.1. When his resentencing occurs, defendant may request the court to strike his gun enhancements under SB 620 based on factors provided in SB 81.

*II. Senate Bill 483*

Senate Bill 180 (Stats. 2017, ch. 677) (SB 180) limited the prior convictions that can support a three-year sentence enhancement under Health and Safety Code section 11370.2. Similarly, in 2019, the Legislature passed Senate Bill 136 (Stats. 2019, ch. 590) (SB 136) to limit imposition of a prison prior enhancement (§ 667.5, subd. (b)) to cases in which the prior prison term was served for a sexually violent offense. Neither of these changes initially applied to cases that were final after appeal. SB 483, however, made SB 180 and SB 136 retroactive to final cases and provided a detailed resentencing procedure for individuals whose sentence includes a now invalid enhancement.

Under Penal Code sections 1171 and 1171.1, the resentencing process begins with the California Department of Corrections and Rehabilitation (CDCR) identifying "those persons in their custody current serving a term for a judgment that includes an enhancement described in [Health and Safety Code section 11370.2 or Penal Code section 667.5, subdivision (b).]" Once CDCR has identified all eligible inmates, they "shall provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement." Upon receipt of the names of eligible inmates, "the court shall review the judgment" and if "the court determines that the current judgment includes an [invalid] enhancement, the court shall recall the sentence and resentence the defendant." Eligible inmates that have already served their base term and any term associated with other enhancements must be resentenced by October 1, 2022. All others must be resentenced by December 31, 2023. Neither Penal Code section 1171 nor 1171.1 allow individuals to initiate the resentencing process through a direct motion or petition to the court. Further, any request for relief submitted before the above deadlines is premature.

Defendant has not completed the sentence for his base term and other enhancements; therefore, section 1171.1 does not require he be resentenced until December 31, 2023. When he is resentenced, "the court shall apply the sentencing rules of the Judicial Council and apply any other changes in the law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1171.1, subd. (d)(2).) This subdivision will permit the court to exercise its discretion under SB 620 and SB 81.

Superior Court of California,
County of Sacramento

DATE        : MARCH 29, 2022
CASE NO.    : 06F03604
CASE TITLE  : PEOPLE v. SCOTT                    BY: M. DIAZ,
                                                      Deputy Clerk

Page 2 of 4

z1

CASE TITLE:    PEOPLE v. SCOTT
PROCEEDINGS:   ORDER- MOTION FOR RESENTENCING

*III. Disposition*

Defendant's motion is DENIED.

DATED: 3/29/2022

MICHAEL W. SWEET

HONORABLE MICHAEL W. SWEET, JUDGE
OF THE SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SACRAMENTO

$G \times H$ , $A3$

Superior Court of California,
County of Sacramento

DATE       : MARCH 29, 2022
CASE NO.   : 06F03604
CASE TITLE : PEOPLE v. SCOTT

BY:  M. DIAZ,
        Deputy Clerk

Page 3 of 4

z1

CASE NUMBER: 06F03604                                    DEPARTMENT: 20
CASE TITLE:    PEOPLE v. SCOTT
PROCEEDINGS:   ORDER- MOTION FOR RESENTENCING

## CERTIFICATE OF SERVICE BY MAILING
### (C.C.P. Sec. 1013a(4))


I, the Clerk of the Superior Court of California, County of Sacramento, certify that I am not a party to this cause, and on the date shown below I served the foregoing **ORDER - MOTION FOR RESENTENCING by** depositing true copies thereof, enclosed in separate, sealed envelopes with the postage fully prepaid, in the United States Mail at Sacramento, California, each of which envelopes was addressed respectively to the persons and addresses shown below:

```
TIANTE SCOTT, CDC# F53452              OFFICE OF THE DISTRICT ATTORNEY
CALIFORNIA STATE PRISON, SACRAMENTO    SACRAMENTO COUNTY
P.O. BOX 290001                        ATTN: JTI UNIT
REPRESA, CA 95671                      **SENT VIA INTEROFFICE MAIL**
                                       901 G STREET
                                       SACRAMENTO, CA 95814
```


I, the undersigned deputy clerk, declare under penalty of perjury that the foregoing is true and correct.

Dated: 4|1|2022

Superior Court of California, County of
Sacramento

By: _____
M. DIAZ, Deputy Clerk


EXH. A4


```
                                       Superior Court of California,
                                       County of Sacramento

DATE       : MARCH 29, 2022
CASE NO.   : 06F03604
CASE TITLE : PEOPLE v. SCOTT
                                       BY:  M. DIAZ,
                                            Deputy Clerk
```

**Page 4 of 4**

z1

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO

EXHIBIT - A5

| | | | |
|---|---|---|---|
| **DATE** | : AUGUST 16, 2021 | **DEPT. NO** | : 20 |
| **JUDGE** | : MICHAEL W. SWEET | **CLERK** | : M. DIAZ |
| **REPORTER** | : NONE | **BAILIFF** | : NONE |

**People of the State of California**

v.                                                          **Case No. 06F03604**

**TIANTE SCOTT,**
**Defendant.**

---

**Nature of Proceedings:**          **MOTION FOR MODIFICATION OF SENTENCE - ORDER**

---

Defendant's request for sentence recall and resentencing has been received and considered by the Court.

It is HEREBY ORDERED that the motion is DISMISSED.

On September 22, 2006, Defendant was convicted of four counts of first degree robbery and one count of being a felon in possession of a firearm. Firearm enhancements pursuant to Penal Code section 12022.53(b) were found true as to each of the robbery counts. He was sentenced on December 1, 2006 to an aggregate term of 36 years in state prison. He filed this motion alleging that he is eligible for resentencing pursuant to Assembly Bills 2942 and 1509.

After execution of a sentence has begun, the trial court lacks jurisdiction to re-sentence a criminal defendant. *(People v. Turrin* (2009) 176 Cal.App.4th 1200, 1203-1204.) The exceptions to this rule include: when the trial court recalls the sentence on its own motion within 120 days of sentencing; to correct a clerical error or unauthorized sentence; or upon the recommendation of certain agencies. *(Id.* at 1207.) Assembly Bill 2942("AB 2942"), which went into effect on January 1, 2019, amended Penal Code section 1170 to add the Office of the District Attorney to the list of agencies that can recommend the recall of an inmate's sentence. Neither AB 2942 nor Penal Code section 1170 authorizes a defendant to request a recall of his sentence on his own motion. Furthermore, the provisions of Section 1170(f), which Defendant cites to in support of his motion, only apply to juvenile offenders who were under the age of 18 when they committed the crime and have been sentenced to life without the possibility of parole. Defendant does not meet either of these criteria.

**Superior Court of California,**
**County of Sacramento**

**DATE**          : AUGUST 16, 2021
**CASE NOS.**     : 06F03604
**CASE TITLE**    : PEOPLE V. SCOTT

**BY:** **M. DIAZ,**
          **Deputy Clerk**

**Page 1 of 3**

CASE NUMBERS: 06F03604                                    DEPARTMENT: 20
CASE TITLE:    PEOPLE V. SCOTT
PROCEEDINGS:   ORDER- MOTION FOR MODIFICATION OF SENTENCE


Since the time for the Court to recall Defendant's sentence under Penal Code section 1170(d) has long since passed, and no recommendation has been made from any of the entities listed in that statute, the Court cannot modify Defendant's sentence. Defendant has not shown that the sentence imposed was incorrect or unauthorized. Therefore, the Court is without jurisdiction to grant relief under Section 1170.

As to Defendant's claims regarding Assembly Bill 1509, that bill is merely proposed legislation and is not valid law at this time.


DATED: 8|16|2021

MICHAEL W. SWEET
_____
HONORABLE MICHAEL W. SWEET, JUDGE
OF THE SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SACRAMENTO


EXH. A6


                                        Superior Court of California,
                                        County of Sacramento

DATE        : AUGUST 16, 2021
CASE NOS.   : 06F03604
CASE TITLE  : PEOPLE V. SCOTT
                                        BY: M. DIAZ,
                                        _____
                                             Deputy Clerk
              Page 2 of 3

z1

```
CASE NUMBERS: 06F03604                               DEPARTMENT: 20
CASE TITLE:    PEOPLE V. SCOTT
PROCEEDINGS:   ORDER- MOTION FOR MODIFICATION OF SENTENCE
```

## CERTIFICATE OF SERVICE BY MAILING
### (C.C.P. Sec. 1013a(4))


I, the Clerk of the Superior Court of California, County of Sacramento, certify that I am not a party to this cause, and on the date shown below I served the foregoing **ORDER – MOTION FOR MODIFICATION OF SENTENCE** by depositing true copies thereof, enclosed in separate, sealed envelopes with the postage fully prepaid, in the United States Mail at Sacramento, California, each of which envelopes was addressed respectively to the persons and addresses shown below:

```
TIANTE SCOTT, CDC# F53452            OFFICE OF THE DISTRICT ATTORNEY
CALIFORNIA STATE PRISON, SACRAMENTO  SACRAMENTO COUNTY
P.O. BOX 290001                      ATTN: JTI UNIT
REPRESA, CA 95671                    **SENT VIA INTEROFFICE MAIL
                                     901 G STREET
                                     SACRAMENTO, CA 95814
```


I, the undersigned deputy clerk, declare under penalty of perjury that the foregoing is true and correct.

Dated:  8/18/2021

Superior Court of California, Cou.
Sacramento

By:  _____
M. DIAZ, Deputy Clerk


```
                                     Superior Court of California,
                                     County of Sacramento

DATE       : AUGUST 16, 2021
CASE NOS.  : 06F03604
CASE TITLE : PEOPLE V. SCOTT
                                     BY:  M. DIAZ,
                                          Deputy Clerk
```

**Page 3 of 3**

z1

Court of Appeal, Third Appellate District
Andrea K. Wallin-Rohmann, Clerk
Electronically FILED on 5/31/2022 by J. Swartzendruber, Deputy Clerk

**IN THE**

# Court of Appeal of the State of California
## IN AND FOR THE
## THIRD APPELLATE DISTRICT

THE PEOPLE,
  Plaintiff and Respondent,
    v.
TIANTE DION SCOTT,
  Defendant and Appellant.

C096241
Sacramento County
No.  06F03604

BY THE COURT:

The court examined the notice of appeal and determined that the order appealed from is nonappealable.  Therefore, the appeal filed on May 17, 2022, is dismissed. (Pen. Code, § 1237, subd. (b); *People v. Pritchett* (1993) 20 Cal.App.4th 190, 193-194; *People v. King* (2022) 77 Cal.App.5th 629, 634-637.)

HULL, Acting P.J.

--------------------------------

cc: See Mailing List

EXHIBIT- A8

**IN THE**

# Court of Appeal of the State of California

**IN AND FOR THE**

**THIRD APPELLATE DISTRICT**

THE PEOPLE,
    Plaintiff and Respondent,
    v.
TIANTE DION SCOTT,
    Defendant and Appellant.

C096241
Sacramento County
No.   06F03604

BY THE COURT:

    Appellant's petition for rehearing is denied.

HULL, Acting P.J.

-----------------------------------

cc: See Mailing List

EXHIBIT A9

SUPREME COURT
# FILED

Court of Appeal, Third Appellate District - No. C096241

SEP **2 1** 2022

**S275602**

Jorge Navarrete **Clerk**

# IN THE SUPREME COURT OF CALIFORNIA

Deputy

**En Banc**

---

THE PEOPLE, Plaintiff and Respondent,

v.

TIANTE DION SCOTT, Defendant and Appellant.

---

The petition for review is denied.

CANTIL-SAKAUYE

*Chief Justice*

EXHIBIT A-10

# EXHIBIT COVER PAGE



**EXHIBIT**

Description of this Exhibit:

ABSTRACT of JUDGEMENT

Number of pages to this Exhibit: _____2_____ pages.

JURISDICTION:   (Check only one)

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [✓] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

EXHIBIT B1 - B2 2-1521

**ABSTRACT OF JUDGMENT — PRISON COMMITMENT — DETERMINATE**
*[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED]*

CR-290

☑ SUPERIOR ☐ MUNICIPAL COURT OF CALIFORNIA, COUNTY OF **SACRAMENTO**
BRANCH OR JUDICIAL DISTRICT

**FILED/ENDORSED**

DEC - 1 2006

By [signature] S. ROSSI
DEPUTY CLERK

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA vs. DEFENDANT: **TIANTE DION SCOTT** | DOB: 06-02-1976 POB: **UNKNOWN** XREF - 2167742 |
| AKA: **DEION SCOTT, TIANTIE DION SCOTT, CRAY R. STEWART** | |
| CII#: **A09428682** | ☐ NOT PRESENT |

| | |
|---|---|
| 06F03604 | -A |
| | -B |
| | -C |
| | -D |

BOOKING #:

COMMITMENT TO STATE PRISON ABSTRACT OF JUDGMENT ☐ AMENDED ABSTRACT

| DATE OF HEARING 12-01-06 | DEPT. NO. 24 | JUDGE MICHAEL W. SWEET |
|---|---|---|
| CLERK S. ROSSI | REPORTER K. GRAHAM, #5731 | PROBATION NO. OR PROBATION OFFICER A-410,758 |
| COUNSEL FOR PEOPLE MORGAN GIRE, DDA | | COUNSEL FOR DEFENDANT GUY LEIGHTON, CAC   ☒ APPTD. |

1. Defendant was convicted of the commission of the following felonies:
   ☐ Additional counts are listed on attachment (number of pages attached) ____

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | CONVICTED BY JURY | CONVICTED BY COURT | PLEA | TERM (L.M.U) | CONCURRENT | CONSECUTIVE 1/3 VIOLENT | CONSECUTIVE 1/3 NON-VIOLENT | CONSECUTIVE FULL TERM | INCOMPLETE SENTENCE | 654 STAY | YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 211* | ROBBERY- FIRST DEGREE | 2006 | 9/22/2006 | X | | | U | | | | X | | | 9 | 0 |
| 2 | PC | 211* | ROBBERY- FIRST DEGREE | 2006 | 9/22/2006 | X | | | M | | X | | | | | 2 | 0 |
| 3 | PC | 211* | ROBBERY- FIRST DEGREE | 2006 | 9/22/2006 | X | | | M | | X | | | | | 2 | 0 |
| 4 | PC | 211* | ROBBERY- FIRST DEGREE | 2006 | 9/22/2006 | X | | | M | | X | | | | | 2 | 0 |
| 9 | PC | 12021(a)(1) | FELON IN POSSESSESSION OF FIREARM | 2006 | 9/22/2006 | X | | | | | | | | | X | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| 1 | PC 12022.53(b) | 10 | | | | | | | 10 | 0 |
| 2 | PC 12022.53(b) | 3 yr 4 mo | | | | | | | 3 | 4 |
| 3 | PC 12022.53(b) | 3 yr 4 mo | | | | | | | 3 | 4 |
| 4 | PC 12022.53(b) | 3 yr 4 mo | | | | | | | 3 | 4 |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| PC 667.5(b) | 1 | | | | | | | 1 | 0 |
| | | | | | | | | | |
| | | | | | | | | | |

4. ☐ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).

5. INCOMPLETED SENTENCE(S) CONSECUTIVE

| COUNTY | CASE NUMBER |
|---|---|
| | |
| | |
| | |

6. TOTAL TIME ON ATTACHED PAGES: ____

7. ☐ Additional indeterminate term (see CR-292).

8. TOTAL TIME: | 36 | 0 |

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.
*(Continued on reverse)*

| Form Adopted by the Judicial Council of California CR –290 (Rev. January 1, 1999) | **ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE** *[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED]* | Penal Code §§ 1213, 1213.5 |
|---|---|---|

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: **TIANTE DION SCOTT**

| 06F03604 | **-A** | **-B** | **-C** | **-D** |
|---|---|---|---|---|

9. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
   a. RESTITUTION FINE of: **$200.00** per PC 1202.4(b) forthwith per PC 2085.5.
   b. RESTITUTION FINE of: **$200.00** per PC 1202.45 suspended unless parole is revoked.
   c. RESTITUTION of: **$19,000.00** per PC 1202.4(f) to ☒ victim(s)* ☐ Restitution Fund
      (*List victim name(s) if known and amount breakdown in item 11, below.)
      (1) ☐ Amount to be determined.
      (2) ☐ Interest rate of: _____% (not to exceed 10% per PC 1204.4(f)(3)(F)).
   d. ☐ LAB FEE of: $_____ for counts: _____per H&SC 11372.5(a).
   e. ☐ DRUG PROGRAM FEE of $150 per H&SC 11372.7(a).
   f. ☐ FINE of $_____ per PC 1202.5.

10. TESTING
   a. ☐ AIDS pursuant to      ☐ PC 1202.1    ☐ other (specify):
   b. ☒ DNA pursuant to PC 296.1(a)(1)(A)    ☐ other (specify):
      ☐ DNA Collected
      ☐ DNA Sample Collection Verified

11. Other orders (specify):
**VICTIMS: HUYEN LI, VAN CANH LE, NHAN DANG, TRUC ANH HO-LE

COMPLY PC 296 REQUIREMENTS

DEFT ADVISED PAROLE AND APPEAL RIGHTS.

12. Execution of sentence imposed
   a. ☒ at initial sentencing hearing.
   b. ☐ at resentencing per decision on appeal.
   c. ☐ after revocation of probation.
   d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
   e. ☐ other (specify):

13. CREDIT FOR TIME SERVED

| CASE NUMBER | | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|---|---|---|---|---|---|
| 06F03604 | **-A** | **255 days** | **222 days** | **33 days** | ☐ 4019 ☒ 2933.1 |
| | **-B** | | | | ☐ 4019 ☐ 2933.1 |
| | **-C** | | | | ☐ 4019 ☐ 2933.1 |
| | **-D** | | | | ☐ 4019 ☐ 2933.1 |

| DATE SENTENCE PRONOUNCED: **12-01-06** | SERVED TIME IN STATE INSTITUTION: ☐ DMH | ☐ CDC | ☐ CRC |
|---|---|---|---|

14. The defendant is remanded to the custody of the sheriff  ☒ forthwith  ☐ after 48 hours excluding Saturdays, Sundays, and holidays.

   To be delivered to  ☐ the reception center designated by the director of the California Department of Corrections.
   ☒ other (specify): DVI

**CLERK OF THE COURT**

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE  S. ROSSI | DATE  **12-01-06** |
|---|---|

CR-290 (Rev. January 1, 1999)      **ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE**      Page two

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit:

Legal · STATUS Summary

Number of pages to this Exhibit: _____2_____ pages.


JURISDICTION:    (Check only one)


☐ Municipal Court

☐ Superior Court

☐ Appellate Court

☐ State Supreme Court

☑ United States District Court

☐ State Circuit Court

☐ United States Supreme Court

☐ Grand Jury

OTCS010      **Legal Status Summary**      Monday November 08, 2021 01:11:31 PM

| | | |
|---|---|---|
| Inmate Name: SCOTT, TIANTE D. | CDC #: F53452 | DOB: 06/02/1976 |
| | | CCRA: J. Sattler |
| Facility: SAC-Facility C [SAC-C] | Housing: C 005 1-018001L | CCI: S. Walters |
| PC2933 Eligible: No | MCC/RAC/EMC/ECC Eligible: Yes | PRCS Eligible: No |

You have been committed to the CDCR to serve the following sentences.

**Sentencing Overview**

| | | |
|---|---|---|
| Term Start Date: 12/06/2006 | Total Term: 36y 0m 0d | Overall Max Date: 03/22/2042 |
| Control Date: 03/28/2038 | Control Date Type: EPRD | |
| Time Served: 5680 days | Time Remaining: 6014 days | As of Date: 10/09/2021 |

**Sentence Structure**

| Cmt. | County | Sentence Date | Total Time Imposed | Status |
|---|---|---|---|---|
| BA | Sacramento | 12/01/2006 | 36y 0m 0d | Imposed |

**Case Enhancements for Prior Conviction or Prison Terms** (1 - 1 of 1)

| Case # | Penal Code | Description | Time Imposed | Stayed |
|---|---|---|---|---|
| 06F03604 | PC667.5(b)[01] | Prior Prison Term/Non Violent new offense is any felony | 1y 0m 0d | No |

**Sentence Components** (1 - 3 of 3)

| Cmp. | Count | County/Case # | Crime (Statute) | Offense | Offense Date | Time Imposed | Relationship to Cmt./Cmp. | Credit Rate |
|---|---|---|---|---|---|---|---|---|
| 001 | 001 | Sacramento/ 06F03604 (Offn. Enhan.) | PC213(a) [01] (PC12022.53 (b)[01]) | Robbery 1st in Concert/Inhabited Dwelling (Use of Firearm) | 04/24/2006 | 9y 0m 0d ( 10y 0m 0d ) | | 15%/20%/33 Violent |
| 002 | 002 | Sacramento/ 06F03604 (Offn. Enhan.) | PC213(a) [01] (PC12022.53 (b)[01]) | Robbery 1st in Concert/Inhabited Dwelling (Use of Firearm) | 04/24/2006 | 2y 0m 0d (3 CS) ( 3y 4m 0d (3 CS) ) | Consecutive (1/3 Term) to BA / 001 | 15%/20%/33 Violent |
| 003 | 009 | Sacramento/ 06F03604 | PC12021(a) (1)[01] | POSS F/A EX-FEL | 04/24/2006 | 0y 0m 0d | Stayed to / | 15%/20%/33 Violent |

```
COMMENTS:
BA PC 2933.1 ARDTS Release Date:05-13-2037 ARDTS Release Type:EPRD CASE CDCNO:F53452
BA - 002 Multiple count#:003;004;
```

**Legal Mandates** (1 - 2 of 2)

| Cmt./Cmp. | Mandate Type | Begin Date | Due Date | Status |
|-----------|--------------|------------|----------|--------|
| BA-001 | Notification Reqd - Violent Felon (PC3058.6) | | | Required |
| BA-002 | Notification Reqd - Violent Felon (PC3058.6) | 12/06/2006 | | Required |

**Dead Time**

| Began | Ended | Days | Type |
|-------|-------|------|------|
| No Rows Found | | | |

**CDCR Credits Received/Lost** (1 - 47 of 47)

| Entry Date | Effective Date | Type | Work Group | Duration (days) | Recd/Lost Days | Reason | Status | Qual |
|------------|----------------|------|------------|-----------------|----------------|--------|--------|------|
| 10/09/2021 | 05/13/2021 | Milestone Completion Credit (MCC) | | | 21 | Education Program - other | Applied | Course # COL0110 |
| 04/13/2021 | 03/19/2021 | Milestone Completion Credit (MCC) | | | 21 | Academic Program | Applied | Course # COL0110 |
| 02/25/2021 | 12/10/2020 | Milestone Completion Credit (MCC) | | | 21 | Academic Program | Applied | Course # COL0110 |
| 11/17/2020 | 08/14/2020 | Milestone Completion Credit (MCC) | | | 21 | Academic Program | Applied | Course # COL0110 |
| 11/17/2020 | 08/14/2020 | Milestone Completion Credit (MCC) | | | 21 | Academic Program | Applied | Course # COL0110 |
| 11/17/2020 | 08/14/2020 | Milestone Completion Credit (MCC) | | | 21 | Academic Program | Applied | Course # COL0110 |
| 10/20/2020 | 10/17/2020 | Milestone Completion Credit (MCC) | | | 21 | Academic Program | Applied | Course # COL0110 |
| 04/21/2020 | 03/17/2020 | Credit Lost (due to Disciplinary) | | | 90 | Disciplinary Penalty | Applied | Log # 00000000 |
| 03/09/2020 | 02/29/2020 | Milestone Completion Credit (MCC) | | | 21 | Academic Program | Applied | Course # COL0110 |
| | | Milestone Completion | | | | Academic | | Course # |

# EXHIBIT COVER PAGE

D

EXHIBIT

Description of this Exhibit:   Letter Fr: 3RD Appellate court
Notice of Appeal Motion
Notice from Superior Court

Number of pages to this Exhibit: ___3___ pages.

JURISDICTION:   (Check only one)

☐ Municipal Court

☐ Superior Court

☐ Appellate Court

☐ State Supreme Court

☑ United States District Court

☐ State Circuit Court

☐ United States Supreme Court

☐ Grand Jury

OFFICE OF THE CLERK
COURT OF APPEAL
**Third Appellate District**
**State of California**

914 Capitol Mall
Sacramento, CA   95814-4814
916.654.0209
www.courts.ca.gov

**ANDREA K. WALLIN-ROHMANN**
Clerk/Executive Officer

**COLETTE M. BRUGGMAN**
**Assistant Clerk/Executive Officer**

May 4, 2022

Tiante Scott
CDC #: F53452
California State Prison
P.O. Box 290066
Repressa, CA 95671

Dear Mr. Scott:

At the direction of the court, I am returning your documents entitled "Motion for Appeal" received in this office on May 3, 2022.   After a thorough review of the information you provided, I am unable to locate an active appeal for you in this court.

Please be advised that notices of appeal are to be filed with the clerk of the trial court whose judgment or order you wish to appeal.   (See Calif. Rules of Court, rules 8.100 (a)(1) and 8.304.)   Notices of appeal from criminal felony proceedings are to be filed "within 60 days after the rendition of the judgment or the making of the order being appealed."   Enclosed for your use is notice of appeal form (CR-120).   If you are attempting to file your notice of appeal from a criminal matter out of Sacramento County, their address is:

Sacramento Superior Court
720 Ninth Street
Sacramento, CA 95814

If your intent was to file a petition for a writ, you may do so by submitting an *original* petition, *including an originally signed verification.* (Cal. Rules of Court, rule 8.486(a)(4)).   I am enclosing a copy of a flyer entitled *Procedural Guidelines for Filing a Writ* to assist you.   Additionally, if you intend to file a petition for writ of habeas corpus, I am also enclosing a copy of Judicial Council form HC-001, Petition for Writ of Habeas Corpus, for your use.

Furthermore, be advised the Clerk's Office does not provide legal advice or legal research.   If you need additional assistance, you can contact Central California Appellate Program, directly, at the address shown below.

Central California Appellate Program
2150 River Plaza Drive, Ste. 300
Sacramento, CA 95833

Very truly yours,

ANDREA K. WALLIN-ROHMANN
Clerk/Executive Officer

*Kathy Wojnarowski*

By:  Kathy Wojnarowski
Supervising Deputy Clerk

EXHIBIT D1

EXHIBIT

CR-120

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|
| NAME: | | |

NAME:
FIRM NAME:
STREET ADDRESS:
CITY:                                          STATE:          ZIP CODE:
TELEPHONE NO.: (       )-      -            FAX NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (name):

**D2**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

**PEOPLE OF THE STATE OF CALIFORNIA**
vs.

Defendant: **TIANTE SCOTT**
Date of birth: 06/02/1976
Cal. Dept. of Corrections and Rehabilitation No. (if any): F53452

| **NOTICE OF APPEAL—FELONY (DEFENDANT)**<br>**(Pen. Code, §§ 1237, 1237.5, 1538.5(m); Cal. Rules of Court, rule 8.304)** | CASE NUMBER:<br>**06F03604** |
|---|---|

## NOTICE

- **You must file this form in the SUPERIOR COURT WITHIN 60 DAYS after the court rendered the judgment or made the order you are appealing.**
- **IMPORTANT:** If your appeal challenges the validity of a guilty plea, a no-contest plea, or an admission of a probation violation, you must also complete the Request for Certificate of Probable Cause on page 2 of this form. (Pen. Code, § 1237.5.)

1. Defendant appeals from a judgment rendered or an order made by the superior court.

   NAME of defendant: **TIANTE SCOTT**

   DATE of the order or judgment: **03/29/2022**

2. **Complete either item a. or item b. Do not complete both.**

   a. *If this appeal is after entry of a plea of guilty or no contest or an admission of a probation violation, check all that apply:*

   (1) ☐ This appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea. (Cal. Rules of Court, rule 8.304(b).)

   (2) ☐ This appeal is based on the denial of a motion to suppress evidence under Penal Code section 1538.5.

   (3) ☐ This appeal challenges the validity of the plea or admission. *(You must complete the Request for Certificate of Probable Cause on page 2 of this form and submit it to the court for its signature.)*

   (4) ☐ Other basis for this appeal *(you must complete the Request for Certificate of Probable Cause on page 2 of this form and submit it to the court for its signature) (specify):*

   b. *For all other appeals, check one:*

   (1) ☐ This appeal is after a jury or court trial. (Pen. Code, § 1237(a).)

   (2) ☐ This appeal is after a contested violation of probation. (Pen. Code, § 1237(b).)

   (3) ☒ Other *(specify):* A VIOLATION OF SB483 (U.S. CON. XIV) INVALID SENTENCE

3. ☒ Defendant requests that the court appoint an attorney for this appeal. Defendant ☐ was ☒ was not represented by an appointed attorney in the superior court.

4. Defendant's mailing address is: ☐ same as in attorney box above.
   ☒ as follows: TIANTE SCOTT F53452; CSP-SAC.; P.O. BOX - 290066; REPRESA, CALIFORNIA 95671

Date: 5/9/22

TIANTE SCOTT
(TYPE OR PRINT NAME)

▶ *Tiante Scott*
(SIGNATURE OF DEFENDANT OR ATTORNEY)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
CR-120 [Rev. January 1, 2017]

**NOTICE OF APPEAL—FELONY (DEFENDANT)**
**(Criminal)**

Penal Code, §§ 1237, 1538.5(m);
Cal. Rules of Court, rule 8.304
www.courts.ca.gov



**SUPERIOR COURT OF CALIFORNIA**
County of Sacramento
720 Ninth Street ~ Room 101
Sacramento, CA  95814-1380
(916) 874-5403—Website www.saccourt.ca.gov



| THE PEOPLE OF THE STATE OF CALIFORNIA<br>Plaintiff/Respondent<br><br>VS.<br><br>TIANTE SCOTT<br>Defendant/Appellant | SUPERIOR COURT<br>NUMBER: **06F03604**<br><br>**NOTICE OF FILING<br>NOTICE OF APPEAL** |
| --- | --- |

PLEASE TAKE NOTICE: the defendant in the above-entitled matter has filed a Notice of Appeal with the Clerk of the Appeals Unit of the Superior Court of California, County of Sacramento on MAY 12, 2022.

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

DATED:  MAY 17, 2022

J. LOVE
_____
By: Deputy Clerk

STATE OF CALIFORNIA          )
COUNTY OF SACRAMENTO   )

DECLARATION OF MAILING

As Deputy Clerk of the Superior Court of California, County of Sacramento, I hereby declare under penalty of perjury, that I have this day mailed, by first class mail, postage fully prepaid, a true and correct copy of the above notice to each of the persons hereinafter set forth, addressed as follows:

ATTORNEY GENERAL
1300 I STREET, SUITE 1101
SACRAMENTO, CA 95814

DISTRICT ATTORNEY
901 G STREET, ROOM 261
SACRAMENTO, CA 95814

COURT OF APPEAL
THIRD APPELLATE DISTRICT
914 CAPITOL MALL 4TH FLOOR
SACRAMENTO, CA  95814

TIANTE SCOTT #F53452
CSP-SAC
PO BOX 290066
REPRESA, CA 95671

Executed in Sacramento, California on May 17, 2022

J. LOVE
_____
Deputy Clerk

# EXHIBIT COVER PAGE

E

EXHIBIT

Description of this Exhibit:   Letter from QCA.P
Letter from Appeal Court
Letter from Superior court

Number of pages to this Exhibit: __4__ pages.

JURISDICTION:   (Check only one)

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [x] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

 CENTRAL CALIFORNIA APPELLATE PROGRAM

2150 RIVER PLAZA DRIVE, SUITE 300 • SACRAMENTO CA 95833   PHONE 916.441.3792   FAX 916.923.9398

May 31, 2022

Mr. Tiante Scott
F53452
100 Prison Road (SAC)
Represa, CA 95671

Re: People v. Scott, C096241, Sacramento County No. 06F03604

Dear Mr. Scott:

By now you should have received a copy of the court's order that dismissed your appeal on 5/31/22. Please find enclosed your copy of the transcript.

Keep your copies of the transcript in a safe place as they are the only copies you will receive. Central California Appellate Program does not keep a copy.

If you have any questions, please contact the Court of Appeal.

Sincerely,

CENTRAL CALIFORNIA
APPELLATE PROGRAM

Enclosures

EXHIBIT — E 1

**OFFICE OF THE CLERK**
**COURT OF APPEAL**
**Third Appellate District**
**State of California**

914 Capitol Mall
Sacramento, CA   95814-4814
(916)654-0209
www.courts.ca.gov

ANDREA K. WALLIN-ROHMANN
Clerk/Executive Officer

COLETTE M. BRUGGMAN
Assistant Clerk/Executive Officer

May 31, 2022

Sacramento County Superior Court
720 Ninth Street
Sacramento, CA 95814

Re:    The People v. Scott
       C096241
       Sacramento County Super. Ct. No. 06F03604

Dear Trial Court Clerk:

Please be advised that the appeal filed on May 17, 2022, is dismissed.   Enclosed please
find the record in the above case which is being returned unfiled.

Very truly yours,

ANDREA K. WALLIN-ROHMANN
Clerk/Executive Officer

*Kathy Wojnarowski*

By:   Kathy Wojnarowski
Supervising Deputy Clerk

cc:   See Mailing List

EXHIBIT = E2

MAILING LIST

Re:   The People v. Scott
      C096241
      Sacramento County Super. Ct. No. 06F03604

Copies of this document have been sent by mail to the parties checked below unless they
were noticed electronically.   If a party does not appear on the TrueFiling Servicing
Notification and is not checked below, service was not required.


Office of the State Attorney General
P.O. Box 944255
Sacramento, CA 94244-2550


Tiante Dion Scott
CDC #: F53452      DOB: 06/02/1976
California State Prison, Sacramento
P.O. Box 290066
Represa, CA 95671


Central California Appellate Program
2150 River Plaza Drive, Suite 300
Sacramento, CA 95833


✓   Sacramento County Superior Court
    720 Ninth Street
    Sacramento, CA 95814




EXHIBIT E3



**SUPERIOR COURT OF CALIFORNIA**

**County of Sacramento**
720 Ninth Street ~ Room 101
Sacramento, CA 95814-1380
(916) 874-5403—Website www.saccourt.ca.gov

EXHIBIT
E4

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA** | COURT OF APPEAL NUMBER.: |
| **Plaintiff/Respondent** | |
| **VS.** | SACRAMENTO COUNTY CASE NUMBER. **06F03604** |
| **TIANTE SCOTT** **Defendant/Appellant** | **CLERK'S DECLARATION RE: RECORD ON APPEAL** |

TO: CLERK OF THE COURT, THIRD DISTRICT COURT OF APPEAL

I, J. LOVE, Deputy Clerk, Superior Court of California, County of Sacramento, do declare as follows:

The Notice of Appeal filed on May 12, 2022 is in reference to a denied motion that took place after original sentencing. There were no Court Reporters assigned to the hearing dates, therefore this appeal will proceed without a Reporter's Transcript. Nothing was omitted.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

DATED: ___May 19, 2022___                    ___*J. LOVE*___
                                             Deputy Clerk
SUPERIOR COURT OF CALIFORNIA,                DECLARATION OF MAILING
COUNTY OF SACRAMENTO

As Deputy Clerk of the Superior Court of California, County of Sacramento, I hereby declare under penalty of perjury that I have this day mailed, by first class mail, postage fully prepaid, a true and correct copy of the above notice to each of the persons hereinafter set forth, addressed as follows:

COURT OF APPEAL
THIRD APPELLATE DISTRICT
914 CAPITOL MALL 4TH FLOOR
SACRAMENTO, CA 95814

ATTORNEY GENERAL
1300 I STREET, SUITE 1101
SACRAMENTO, CA 95814

CENTRAL CALIFORNIA APPELLATE PROGRAM
2150 RIVER PLAZA DRIVE, STE 300
SACRAMENTO, CA 95833

Executed in Sacramento, California on:

DATE: ___May 19, 2022___                    _____
                                            DEPUTY CLERK

---

CV\E-SU-08 (Rev 9.1.2006)                    Page 1 of 1

# EXHIBIT COVER PAGE

F

EXHIBIT

Description of this Exhibit:   MOTION for Appeal

Number of pages to this Exhibit:  ___17___ pages.

JURISDICTION:   (Check only one)

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [x] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

Tiante D. Scott
CSP-SACRAMENTO
P.O. Box 290066
Represa, California 95671
CDC ID#: F53452
Pro Per

$EXHIBIT$ F

## IN THE

## COURT OF APPEAL OF THE STATE OF CALIFORNIA

## IN AND FOR THE THIRD APPELLATE DISTRICT

C096241

Case No. 06F03604

TIANTE DION SCOTT        ,
Petitioner,

vs.

DAVID BAUGHMAN, Warden  ,
Respondent.

MOTION FOR  APPEAL

FROM ORDER MADE ON 04/01/2022

TO: THE HONORABLE JUDGE IN THE ABOVE ENTITLED ACTION——

**PLEASE TAKE NOTICE** that as soon as this matter may be heard by the Honorable

Court. The above named Petitioner will move for a  Appeal from the decision made

April 1, 2022, by the Superior Court, by Honorable Judge Michael-

W. Sweet, Department 20.

in the above entitled action.

This motion is based on the records and filing in the above entitled action and the attached

declaration of the Petitioner.

Date:   4 | 27        , 20 22

RESPECTFULLY SUBMITTED

TIANTE D. SCOTT

1

## TABLE OF CONTENTS

TITLE AND SECTION                                                    PAGE

NATURE OF PROCEEDINGS                                                  3

INTRODUCTION SECT. "I."                                                3

JURISDICTION SECT. "II."                                               4

    THE U.S. CONSTITUTIONAL 14th AMENDMENT                     4
    SENATE BILL 483                              3, 4, 6, 7, 11
    PENAL CODE 1171.1                   3, 5, 7, 8, 9, 10, 11, 12

PETITIONER'S RESPONSE TO THE SUPERIOR COURT'S "II. SENATE-
BILL 483" RESPONSE-- SECT. "III."                                   5, 6

    Petitioner is sentenced to an invalid P.C. -
    667.5(b) enhancement (SUBSECT. "A.")      6, 7, 11, 12, 16
    AEDPA 1 YEAR STATUTE OF LIMITATION                         7

    SUBSECTION -- "B." - Petitioner has a Civil Right to have
    laws equally applied to Him when it is available
    for relief                                                 7

PETITIONER HAS SERVED HIS BASE TERM-
SECTION - "IV."                                                       11

    PENAL CODE 3041                                           11
    CALIFORNIA CODE OF REGULATIONS (CCR) -
    3076, 3076.1, 3076.2                       11, 13, 14, 15
    SENATE BILL 620                                        3, 12

    SENATE BILL 81                                         3, 12

    18 U.S.C.A. 3553                                          12

    In Re Harris, 5 Cal. 4th 813                              12

    People v. Scroggins, (1987) 191 Cal. App. 3d 502          12

    U.S. v. COOK, 952 F.2d 1262                               12

STATE CREATED LIBERTIES QUALIFY UNDER EQUAL
PROTECTION, AND DUE PROCESS LAWS                                      13
    PENAL CODE 12022.53(h)                                13, 15
    PENAL CODE 1170(d)                                10, 11, 15

    WOLFF v. MCDONNELL, (1974) 418 U.S. 539                   14

CONCLUSION                                                            14

<u>NATURE OF PROCEEDINGS</u>

Petitioner seeks resentencing under Senate Bill 483, SB-81, and SB-620. After being denied by two California Epartment of Corrections and Rehabilitation Personnell, whom are responsible to allert the Courts' of eligibility of resentencing of all who qualify.

<u>INTRODUCTION</u>

I.

In 2006, Petitioner was convicted of four counts of Robbery in Concert (Pen. Code §§211, 213) and one count of Unauthorized possessinon of a firearm (P.C. §29800). Petitioner was also convicted of four counts of Use of a Firearm in the commission of each robbery (§12022.53(b)) and that he had served a prior non-violent prison term that qualified for a one-year sentence enhancement (§667.5(b)). The Court sentenced the Petitioner to an aggregate term of 36 years. The Third District Court of Appeal affirmed the Judgment in 2008.

On November 8, 2021 the Petitioner was being interviewed by his Correctional Counselor (CC1) S. Walters, in regards to his annual review, At which, the Petitioner informed CC1 Walters of the New Law amending SB-483, P.C.-1171, and P.C. 1171.1. This counselor told the Petitioner that he would not identify Petitioner , Tiante Scott, as eligible for a sentence modification or resentencing. Petitioner had CC1 Walters print out a Legal Status Summary (see exhibit - C [two pages]). Upon reviewing the Legal status Summary with this counselor, Petitioner then explained that as of 11/08/2021 Petitioner had served 5680 days of day-for-day flat time. Petitioner  pointed out that he did have his base  term served. According to the Petitioner's Abstract of Judgment, Count One - equals 9 Years; Count Two - equals 2 Years; Count - Three - equals 2 Years; and Count four - equals 2 Years;  for a collective

-3-

1    of 15 years (5,475 days). (see wxhibit B [two pages]) As of April 24, 2022
2    the Petitioner has served 5,848; An equavelent of 16 years give or take some
3    months. It cannot be said  the Petitioner, Tiante Scott, has not completed
4    his base term and is now eligible for SB 483 and its instruction to ident-
5    ify him by March 1, 2022 and to be resentenced by October 1, 2022. (see
6    ATTACHMENT #1)

7

## JURISDICTION

### II.

### · THE U.S. CONSTITUTIONAL 14th AMENDMENT ·

"All persons born or naturalized in the United States, and subject to
the  Jurisdiction thereof, are citizens of the United States and of the State
wherein they reside. No State Shall make or enforce any law which shall ab-
rigde the privileges or immunities of citizens of the United States; Nor
shall any state deprive any person of life, liberty , or property, without
due process of law; Nor deny to any person within It's Jurisdiction the
wqual protection of the laws.

### · SENATE BILL 483 ·

SB 483, ALLEN, Sentencing : Resentencing to remove sentencing enhancements.

"Prior law, in effect until January 1, 2020, required a sentencing court
to impose an additional one-year term for each prior separate prison term
or county jail term for a non-violent Felony, as  specified." ***

"This Bill would declare an enhancement imposed pursuant to one of these
prior provisions to be legally  invalid... This bill would require the Secr-
etary of the Department of Corrections and Rehabilitation and the County Corr-
ectional administrator of each county to identify those persons in their cus-
tody who are serving a sentence that includes one of these enhancements and

-4-

provide this information to the sentencing court, as specified." ... This Bill would require this information to be provided by March 1 , 2022 for those individuals who are currently serving time for the enhancement and by July 1, 2022 for all others." "The bill would require the court, after verify-ing  specified information, to recall the sentence and resentence the indiv-idual to remove any invalid sentence enhancements." "This bill would require the court to grant this relief to those individuals who have served their base term..."

"This bill would prescribe specific considerations ofr the court in re-sentencing, such as requireing that the resentencing result in a lesser sen-tence, unless the court finds that a lesser sentence would endanger public safety. This bill would require the court to appoint counsel for an indiv-idual subject to resentencing.

### · PENAL CODE 1171.1 ·

"P.C. 1171.1(b) - The Secretary of the Department of Correction and Re-habilitation and the County shall identify those persons in their custody currently serving a term for a Judgment that includes an enhancement desc-ribed in subdivision (a) and shall provide the name of each person, along with the person's date of birth and the relevant case number or docket num-ber, to the sentencing court that imposed the enhancement. This information shall be provided as follows:"

> "(1) By March 1, 2022 for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the enhancement. For purposes of this paragraph, all other enhancements shall be concidered to have been served first." (see ATTACHMENT #1 page 3/3)

### III.

PETITIONER'S RESPONSE TO THE SUPERIOR COURT'S "II. SENATE BILL 483" RESPONSE

The Superior Court admitts that Senate Bill 483 is entitled to the
Petitioner, yet thinks the Petitioner does not qualify until December 31, -
2023; because he (petitioner) has not completed his base term. This is the
farthest from the truth, as I will further explain the facts. (see exhibit-
A, page 2 of 4)


                                    **A.**

     • **Petitioner is sentenced to an invalid P.C. 667.5(b) enhancement** •
     On July 1, 1998 the Petitioner, Tiante Scott, was convicted of four
counts of Robbery (P.C. 211) with Firearm enhancement attached to each
count singularly and separately. At which point, for sentencing purposes,
the Petitioner had to stipulate to a prior prison term (P.C. 667.5(b)).


     The Petitioner believes because of the complexities of his case the
Superior Court might be focusing on the wrong foundation, and ignoring the
Petitioner's right to correct an invalid sentence. To further explain;
SB-483 starts off with language informing the public "Prior law in effect
until January 1, 2020 required a sentencing court to impose an additional
one-year term for each prior separate prison term or county jail felony term
served by the defendant for a non-violent felony as specified."
     As I earlier mentioned, the Petitioner was convicted to 4 years
for possession of narcotics which qualifies as a non-violent felony. Then
the Petitioner had to stipulate to P.C. 667.5(b), which is the one year prior
prison enhancement SB-483 starts off describing as the first enhancement for
correction.
     According to Penal Code (P.C.) 1171.1(a), "Any sentence enhancement that
was imposed prior to  January 1, 2020, pursuant to subdivision (b) of Section

                                    -6-

1   667.5 ... is legally invalid. (see Attachment #1 page 3/3)

2       According to P.C. 1171.1(a) the Petitioner is eligible to be on the list

3   of people whos information should have been provided to the court on March 1,

4   2022.

5                    · AEDPA 1 YEAR STATUTE OF LIMITATION ·

6       The Petitioner acknowledges every circumstance does not perfectly match

7   to how legislature presents a law. There are complexities to his case. The

8   Court does acknowledge that Mr. Scott, the Petitioner is entitled to a re-

9   sentencing, but the problem is the law set in 1996 states when a person

10  learns of a now law, that person has One (1) Year to file for relief. Because

11  the petitioner is technically eligible now for sentence modification or re-

12  sentencing, if he waits for 2023, as the Superior Court suggests, the

13  petitioner stands the chance to be later time barred.

14

15                                    B.

16      · Petitioner has a Civil Right to have laws equally applied to
17             Him when it is available for relief ·

18      According to the language in SB-483, "This bill would require

19  the court to grant this relief to those individuals who have served their

20  base term and any other enhancements and are currently serving the enhancement

21  described above by October 1, 2022, and all other individuals by December 31,

22  2023." (see ATTACHMENT #1 page 1/3)By authoritive law the Petitioner is eli-

23  gible for resentencing according to the March 1, 2022 deadline.

24      Petitioner was sentenced to a non-violent prison prior enhancement , that

25  meets the crigeria for P.C. 1171.1(a). Petitioner was sentenced to P.C. 667.5-

26  (b). (see exhibit B) This is the exact Penal Code that P.C. 1171.1(a) is

27  meant to correct, the Petitioner does not know why he is not allowed relief

28  by July 1, 2022 as all othe U.S. Citizens are afford relief.

                                     -7-

According to the United States Fourteenth Constitutional Amendment, "All persons born or naturalized in the United states, and subject to the Jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which abridge the privileges or immunities of citizens of the United states;"... "Nor deny to any Person within It's Jurisdiction the equal protection of the laws." This civil gaurantee is still privileged to the petitioner, as is the Petitioner is still a United States Citizen of birthright.

Upon being reviewed for his  Annual Review ( the petitioner), the Petitioner asked and informed his Correctional Counselor (CC1) of his non-violent prison enhancement and that he wanted to be added to the list of people for resentencing. The Petitioner was denied concideration by two different counselors (CC1 S. Walters and CC1 Appleberry). The Petitrioner was told by CC1-S. Walters that he (CC1 Walters) would not be recommending anyone. The Petitioner then asked to review his  "Legal Status Summary" report. The Petitioner pointed out , to this counselor, that he had completed his base term, yet to no avail would CC1 S. Walters admitt the Petitioner to the courts. (see exhibit C)

The Petitioner feels that this attitude is unacceptable behavior from an CDCR Employee. The language in SB-483 states, "This bill would require the secretary of the Department of Corrections and Rehabilitation and County Correctional Administrator of each county to identify those persons."

Additionally P.C. 1171.1(a) reads, " The Secretary of the Department of Corrections and Rehabilitation shall identify those persons." The Counselors do not have the legal authority to deny a person a right that has been afforded to them by law. The law on the matter does not give any CDCR Official the authority to deny eligible person a resentencing, on

-8-

the contrary the language in SB-483 and P.C. 1171.1(a) mandates that the qualifying person shall be admitted to the courts.


It has came to the Petitioner's attention, after research, of the "Supremacy Clause". Article "VI." of the U.S. Constitution mandates, "the Constitution, laws passed by Congress, and treaties made by the Federal Government are the 'Supreme Law of the Land'". The response of the Petitioner's counselors, in refusing to admit him for resentencing, is contrary and in contradiction to Federal Law.

When the counselor told the Petitioner they would not submitt his case for resentencing this allowed the Petitioner to turn to the Court for redress.

According to the 14th Amendment of the U.S. Constitution, a CDCR Employee does not have the authority to decide, if people who are qualified by law to redress, willnot be afforded to them by personal authority of a CDCR Official. This is against supreme law of the land, also the state cannot make or enforce laws in contradiction withthe constitution or Federal laws. The language in SB-483 does not give CDCR Officials the authority to choose whom they will submitt, regardless if they are eligible or not, there authority on the matter is not absolute.


The language in SB-483 states effective October 2, 2021 anyone with "one-year prison prior is sentenced to an invalid sentence." The language specifically says, "This bill would require this information to be provided by March 1, 2022." It does not say the persons who fit the criteria, it will be at CDCR's descretion to whom they will submitt. The language in P.C. 1171.1(b) states the secretary of the department of Corrections and Rehabilitation and the County Correctional Administrator of each county

shall identify those persons in their custody currently serving a term

for a judgment that includes an enhamcement described in Subdivision (a)

(earlier cited in "Jurisdiction" - P.C. 1171.1(a)), and shall provide the

name of each person, along with the person's date of birth and relevant case

number or docket number, to the sentencing court that imposed the enhance-

ment.

Again P.C. 1171.1(b) state sthe Secretary of the Department of Correct-

ions and Rehabilitiation... of each county shall identify these persons in

their custody.

The Problem that hinders the Petitioner is the counselors ar presenting

themselves as road blocks. The Secretary of CDCR will not submitt the  qua-

lified persons until the counselors submitt the names. The counselors are

not submitting names, as is the problem in the present case. It cannot be

said that the Petitioner's gauranteed right to equal protection of law is

not being denied to him.


It is the Petitioner's civil right to seek redress of the court when his

civil rights have been denied. The petitioner is currently sentenced to an

invalid enhancement and has the right to motion to the court to have it re-

moved, especially when being told, by the persons who are supposed to give

relief, that he would not be redressed and there is no other recourse for

relief for a incarserated person. The Petitioner's counselor told him he

would not submitt his case for resentencing. The Petitioner has properly

appealed to the court for resentencing. In addition, because of the 1 Year

deadline to file in the court for new laws, if the Petitioner does not

motion  now a year from now he will not be eligible to file, and will be

time barred, presenting a liberty intrest against the Petitioner.

IV.

## PETITIONER HAS SERVED HIS BASE TERM

Petitioner's counts are sentenced as follows: Count-One , 9 years with a 10 year gun enhancement; Count-two , 2 year with 3 years & 4months gun enhancement( 1/3 time from 10 year enhan.) ; Count-Three , 2 yrs with 3 yrs & 4mo. gun enhancement; Count-Four, 2 yrs with 3 yrs & 4 mo. gun enhancement. (see exhibit C) According to the Petitioner's Legal Status Summary (exh. C), as of 10/09/21 the Petitioner had 5680 days time served. (As of 04/21/22 Petitioner has 5876 days = 16 yrs + 304 days) The Petitioner's base term of all four counts equals to 15 years = 5475 days. This is without counting the time-off earned from P.C. 3041(a)(2) and California Code of Regulation (CCR) Title 15 section 3043.2 - Good Conduct Credits and 3043.3 Milestone Completion credit

It cannot be said that the Petitioner has not completed his base term The Superior Court Judge is Mistaken on that matter.

It is the Petitioner's belief that the court is interpriting the part in SB-483 that states, "To those individuals who have served their base term and any other enhancement," As the Petitioner needs to serve his enhancement time as well to qualify forSB-483. This ideology is counter productive to what SB-483 and P.C. 1171.1 is trying to accomplish, I will further ex-plain.

FIRST, the law in SB483 quotes Penal Code 1171.1(a) which states a enhancement involving P.C. 667.5(b) is legally invalid. The Petitioner has a legal right to be resentenced in effort to erase the invalid enhancement.

SECOND, The language in P.C. 1171.1(b)(1) states, "To those individuals who have served their base  term and any other enhancements, and are curr-

1    ently serving a sentence based on the enhancement."

2    **NOTE** that the wording here says "Are currently serving a sentence based

3    on the enhancement." Naturally, if the Petitioner has completed his base

4    term that means he is now serving a sentence based on his enhancements.

5    P.C. 1171.1(b)(1) does not say the enhancement or all enhancements have to

6    be completed or that would defeat the purpose of the Judge using his descr-

7    etion "in the interest of justice" to remove other enhancement or accept all

8    other enhancements to be concidered to have been served. There would be no

9    need for that language because the time would have been served first and the

10   person would have technically completed his whole sentence.

11   Yes, the Petitioner did ask for concideration of SB620 and SB81, Be-

12   cause when they were first enacted they were not retroactive. Now the Pet-

13   tioner is eligible for resentencing this reopens the Petitioners case

14   allowing him to be concidered for SB620 and SB81.

15

16   Every case has its own complexities, in the Petitioner's case his

17   P.C. 667.5(b) enhancement qualifies now for resentencing. If the Petitioner

18   waits      for 2023, as the Superior Court suggest , the Petitioner would

19   be time barred.

20   The Superior Court has focused on the Petitioner's plea for considerat-

21   ion of SB620 snf SB81 as  the foundation and that those  qualify as the

22   second part of the judges descretion to remove the enhancements. The Sup-

23   erior court  has ignored that the law says P.C. 667.5(b),  the one-year

24   prior sentence enhancement is invalid, so the Petitioner has an illegal

25   sentence at which the Petitioner has a civil right to motion a Unauther-

26   ized sentence. (see 18 U.S.C.A.  §3553(a)(2)(A) and 18 U.S.C.A. §3742(a)-

27   (1) - (a)(6); see also In Re Harris, 5 Cal. 4th 813, 829 (1993); People v.-

28   Scroggins, (1987) 191 Cal. App. 3d 502, 505; U.S. V. COOK, 952 F.2d 1262,

1265-66)

## V.

### STATE CREATED LIBERTIES QUALIFY UNDER EQUAL PROTECTION, AND DUE PROCESS LAWS

It is the Petitioner's belief that CDCR Officials are neg-
lecting to follow the orders from federal courts to address Its
over-population of California's Prisons.

The Petitioner is eligible for california Code of Regulation
(CCR) title 15 section 3076, 3076.1, and 3076.2. The major crit-
eria CCR Tit. 15 3076(a) + 3076.1, and 3076.2 is a person quali-
fies for these codes, if a person has 50 percent time served. The Petitioner
is being denied this, law by CDCR Counselors when they refused to submitt
people who are eligible, after they have been requested by the inmate, and
they are now informed of their clients' wish to exercise his right to a
hearing.

Effective January 1, 2018 Penal Code 12022.53(h) passed, allowing the
Petitioner to be able for a hearing to strike his gun enhancement. This law
coupled with P.C. 1170(d) with CCR Tit. 15 3076, 3076.1, 3076.2 are all
state law or regulations that authorize the Petitioner to be submitted
for resentencing.

Because the counselor (CC1 Walters and CC1 Appleberry) are refusing
to recommend the Petitioner, denies him equal protection of laws. (see
exhibit D1 - D4)

Effective May 1, 2021 the division of Adult Institution, signed by
Director Connie Gipson, she circulated a Memo of explaination of inmate's

-13-

credit earning for violent crimes from 20 percent to 33.3 percent, increasing opportunities and Good Behavior. (see exhibit E1 - E5) yet these earnings are not being applied to the Petitioner. Equal Protection also protects State created liberties and have to be equally applied. (WOLF v. MCDONNELL, 418 - U.S. 539, 556-558, 1974 U.S. LEXIS 91, 21-26, (1974))

Comes now, present day, the passage of SB-483 has come and the Petitioner is now being denied a referral forSB483. Petitioner refers to section "IV" of this motion. The Petitioner has completed all of his base term and the counselor  has refused to refer the Petitioner a equal opportunity for a hearing for a resentencing. Equal protection law protects state created liberties and have to be equally applied. ( WOLF v. MCDONNELL, (1974) 418 U.S. - 539, 556-559, 1974 U.S. LEXIS 91, 21-26)

## IN CONCLUSION

The Petitioner has  experienced the non-compiant actions of the CDCR Personnell after being ordered by the federal courts to address the overcrowding problem of the California Prson system. Following law suits pertaining to medical indifference to prison inmates, hve been in relation to prison overcrowding. The Petitioner is also a victim of medical indifference and  is currently seeking redress. (see TIANTE DION SCOTT v. BEREGOV-SKAYA et al.,  1:17-cv-01146)


On January 1, 2018 Penal Code 1170(D)(1) was revised and passed, allowing  Exceptional Conduct as a qualification criteria to recommend resentencing or commute of sentence. (Petitioner was denied commute of sentence on August 16, 2021 - see exhibit A5- A7)

The Petitioner was denied this relief, although CCR Tit. 15,3076-3076.2 -- for Exceptional Conduct had already passed January 1, 2018 including

-14-

P.C. 12022.53(h), and originally the Petitioner had submitted certificates of accolades, he achieved from participation in rehabilitative programs, which made the Petitioner eligible for a resentencing or commute of sentence. As the Petitioner will note provisions were already available and in place to give authority to resentence under P.C. 12022.53(h) which includes P.C. - 1170(d). (see exhibit A - Page 1 of 4)

On January 1, 2018 the CDCR Officials had the legal authority to apply CCR Tit. 15 3076, 3076.1, and 3076.2 and missed that opportunity to comply with previous court orders to address prison over-crowding.

On May 1, 2019 the legislature revised Proposition 57, which expands the inmates opportunity for Good Conduct Credits plus Milestone Completion Credits. On this present issue the Petitioner has only presented calculations for his day-for-day, flat time served credits. The Petitioner has certificates of completion of Business Achievements, Anger Management classes, parental support group course, Kiaros (a Christian based behavior course), and more. These additional accolades adds to the Flat time days served that are required per CCR Tit. 15 §§3076, 3076.1, and 3076.2, including P.C. §1170(d). [*1]  In addition, to the Petitioner's present case, after already completing the time needed to complete his base term, would have been an exceptional  amount of time served to be concidered for resentencing , including the time awarded for his accolades already completed, a pre-action step taken to self rehabilitate himself, and another reason why the Petitioner would not be a threat to society.

---

[*] **NOTE**  For sake of lack of fund to make all copies of Accolades, the
[*1]         Petitioner file a Commutation motion on 06/2021 and was ruled
             on by the Superior Court on 08/16/2021. The Certificates and let-
             ters in the Petitioner support are on record in that motion.

For these reasons, all being valid, applicable, and relevant of reasons why the CDCR Counselors, in the Petitioner's present case, should have sub-mitted the Petitioner's request for resentencing. Petitioner believes this again was a missed opportunity for CDCR to comply with previous court orders addressing prison over-crowding.

The passage of SB-483, exclusively addresses P.C. 667.5(b), of which, the Petitioner is sentenced to and the CDCR Personnell are refusing to sub-mitt the Petitioner for a resentencing hearing addressing SB483 with the add-itional issues addressed of SB620 and SB81, as originally presented to the Suyperior Court.

Lastly, these presented facts show a disregard for the Petitioner's equal right to application of laws, which are protected by the Fourteenth U.S. - Constitutional Amendment. The Petitioner prays for the Appellate Court to refer the Petitioner for a resentencing hearing in regards to SB483 with the additional issues of SB620 and SB 81, as the original motion addressed to the Superior Court.

Petitioner's point is CDCR Personnell are in pattern with providing Road Blocks ofr addressing the prison overcrowding, which blocking deserv-ing  inmates early release. This state entity has been ordered by the Federal Court to decrease the overcrowding problem. The legislative Branch has ad-opted authorative foundation to releave the state prison system of a goal that is unattainable, following a Federa Court order to release inmates by a set time. CDCR refuses to use thenew legislature, all the while inmates that are sick suffer longer than necessary because of lack of medical per-sonnell.

Petitioner is not a threat. Petitioner is late in his age, and statistics show a low recidivism rate for older people released after serving a extended sentence. petitioner has spent his time , while serving his time, mostly improving himself and his adaptability to be again a productive citizen. Petitioner is seeking to receive his certificate of achievement in Business, in 3 more units (one more class). A investment that will assist him in his goal to success and employment.

Petitioner prays, the Appellate Court for relief in regards to placing the Petitioner on the March 1, 2022 schedule for individuals first to go to resentencing. Senate Bill 483 is now eligible to him, a year from now would time bar the Petitioner.

THANK YOU FOR YOUR TIME AND CONCIDERATION IN THIS MATTER.

DATED: 4/27/2022

RESPECTFULLY SUBMITTED

TIANTE D. SCOTT

-17-

# EXHIBIT COVER PAGE



**EXHIBIT**

Description of this Exhibit:

Number of pages to this Exhibit: _____ pages.

JURISDICTION:   (Check only one)

- ☐ Municipal Court
- ☐ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☑ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

Tiante D. Scott
CSP-SACRAMENTO
P.O. Box 290066
Represa, California 95671

CDC ID#: F53452
Pro Per

EXHIBIT - G

## IN THE SUPREME COURT

## OF THE STATE OF CALIFORNIA

TIANTE DION SCOTT           ,
Petitioner,

vs.

DAVID BAUMAN, Warden      ,
Respondent.

Case No. 06F03604 & C096241

MOTION FOR REVIEW OF ORDERS
MADE ON MARCH 29,2022, MAY 31, -
2022, AND JUNE 23, 2022

 

TO: THE HONORABLE JUDGE IN THE ABOVE ENTITLED ACTION——

PLEASE TAKE NOTICE that as soon as this matter may be heard by the Honorable

Court. The above named Petitioner will move for a Review of Denial made by the

Sacramento Superior Court and CDCR Personnell in regards to sen-

tence modification of an invalid sentence after SB483's enactment.

in the above entitled action.

This motion is based on the records and filing in the above entitled action and the attached

declaration of the Petitioner.

Date: JULY 15th          , 20 22          RESPECTFULLY SUBMITTED

*[signature]*

TIANTE D. SCOTT

1

### QUESTION PRESENTED

Where State Law deemed an enhancement for non-violent felony prison prior invalid, can the California Department of Corrections refuse  to refer a defendant a resentencing hearing? Defendant claims a violation of equal protectin and due process, after being denied a resentencing hearing by California Deparment of Corrections personell and the Superior Court.

-2-

## STATEMENT OF THE CASE

Petitioner Scott and two other co-defendants were convicted at jury trial of four counts of first degree robbery in concert (penal code 211, 213(a)(1)(A)), plus firearm enhancements and a penal code 667.5(b) prison prior enhancement. (see exhibit B1)

## STATEMENT OF FACTS

On November 8, 2021 Petitioner was interviewed by his counselor (CC1) S.Walters, in regards to his annual review, at which Petitioner informed and requested CC1 Walters of the new law amending Senate Bill (SB) 483. CC1 Walters told the Petitioner he would not identify Petitioner, Tiante Scott as eligible for a sentence modification. Petitioner requested a Legal Status Summary, (see exhibit C1+C2) at which made the Petitioner point out his conviction of P.C. 667.5(b), which made the Petitioner eligible for resentencing to cure an invalid sentence. CC1 Walters stated he still would not refer Petitioner Tiante Scott.

Petitioner then obtained a copy of SB483 (see attachment #1) to check what the requirements of the California Department of Corrections and Rehabilitation (CDCR) duties were for informing the courts of qualified incarserated persons. (Att. #1)

According to SB483 The CDCR Personell were required to identify all who were sentenced to P.C. 667.5(b). In the instructions of SB 483 the language in P.C. 1171.1(b) explains CDCR

-3-

1   Personell shall identify those persons currently serving a
2   term for a judgment that includes an enhancement described in
3   subdivision (a). (1171.1(a))

4

5      Petitioner has been denied by CDCR Personell and the Sup-
6   erior court, this decision being in contradiction to governing
7   law, ˙in which depriving the Petitioner equal protection of law
8   and due process of law.

9

10     Petitioner then filed a "Motion for Resentencing" in the Sup-
11  erior Court on January 3, 2022. On March 29, 2022 the Superior
12  Court, Judge M.Sweet, denied the Petitioner's request. In short
13  the Superior Court acknowledged the Petitioner was eligible for
14  resentencing, but not until 2023. The Superior Court judge failed
15  to recognize that CDCR Personell refused to submitt the Petition-
16  er. The Superior Court glossed over the language in SB483 that
17  directs the CDCR Personell to submitt all persons sentenced to
18  P.C. 667.5(b) by March 1, 2022. Petitioner is sentenced to P.C.-
19  667.5(b), The Superior Court, by law was supposed to schedule
20  a hearing for resentencing. (see exhibit B1) Superior Court
21  denied Petitioner's "Motion for Resentencing" on March 29, 2022.
22  (see exhibit A1)

23

24     On May 3, 2022 Petitioner attempted to file a "Notice of
25  Appeal" (NOA) and a Appeal. The Clerk of the Appellate Court
26  returned it to the Petitioner because Petitioner failed to file
27  a NOA in the Superior Court first. Petitioner then filed a
28  CR-120 form for "Notice of Appeal" on May 12, 2022. (exh.D1+3)

On June 4, 2022 the Central California Appellate Program returned the Petitioner Clerk transcript on Appeal with a letter dated May 31, 2022. The letter informed the Petitioner that the Third Appellate Court had dismissed his case. (see exhibits E1-E4)

On June 8, 2022 Petitioner filed a Motion for rehearing, stating a violation of equal protection and due process of law. The Petitioner's motion was denied on June 23, 2022.

### NECESSITY FOR REVIEW

On October 8, 2021 Senate Bill 483 (SB483) was passed. This law would begin to be in effect on March 1, 2022. What this law required is for every person who was sentenced to an additional one-year term for each separate prison term... served by the defendant for a non-violent felony, (P.C. 667.5(b)) are legally invalid. (see ATTACHMENT #1)

The Petitioner is currently sentenced to P.C. 667.5(b) and is now sentenced to an invalid sentence. The Superior Court has overlooked the charges available in the Petitioner's abstract of Judgment. (exh. B1) The language in SB483 has deemed P.C. 667.5(b) invalid. The Petitioner has served his principle charge and is now serving a sentence based on enhancement. To deny the Petitioner a resentencing immediately would deny the Petitioner his right  to due process and equal protection of law. (U.S. Const. 14 Amendment) To deny the Petitioner an Appeal of the decision made on March 29, 2022 and May 31, 2022, denies the Petitioner access to the court and the right to due process.

-5-

On May 31, 2022 the Third Appellate Court responded to the Petitioner with a dismissal. The case cited for the dismissal were <u>People v. Pritchett</u>, (1993) 20 Cal. App. 4th 190, 193-194, <u>People v. King</u>, (2022) 77 Cal. App. 5th 629, 634-637. Petitioner could not find People v. Pritchett but the People v. King case is not relevant to the Petitioner's case. In the King case King was challenging a decision of his conviction. The Petitioner is not challenging a plea agreement Petitioner is challenging an invalid sentence. Petitioner has the authority of the law to support his reason for resentencing. Penal Code 1237 permitts a defendant to appeal in two circumstances, (1) from a "final judgment of conviction or, (2) from any order made after judgment which affects the substantial rights of the party.

Senate Bill 483 has deemed P.C. 667.5(b) invalid. In accordance with Penal Code 1237 Petitioner has the right to address a resentencing to correct the illegal sentence.
In the language of Senate bill 483 it does not give the California Correctional department the authority to deny a resentencing of this invalid sentence. This is not like Penal Code 1170.03, which gives the CDCR personnel the authority to choose whom they deem eligible for sentence modification.

## CONSTITUTION LAWS VIOLATED

under the Fourteenth Amendment of the United States Constitution reads as follows: "All persons born or naturalized in the United States, and subject to the Jurisdiction thereof, are

-6-

citizens of the United States and of the State wherein they re-
side. No State shall make or enforce any law which shall abridge
the privileges or immunities of citizens of the United States;
Nor shall any state deprive any person of life, liberty, or
property, without due process of law; Nor deny to any person
within It's Jurisdiction the equal protection of the laws."

Under the 14th Amendment no state shall make or enforce any
law that conflicts with federal law. (14th Amend., William v.
Taylor, 529 U.S. 362, 402-06 (2000); see also Lockyer v. Andrade
, 538 U.S. 63, 70-75 (2003))

When the CDCR CC1 S. Walters willfully denied the Petitioner
access to the court to cure his invalid sentence, he willfully
relied on a law or authority that is in conflict with SB483
and  the State's Penal codes §§1171.1(a)+(b) and 1237 governing
law. By denying the Petitioner access to the court also denied
him due process and equal protection of law.

## AEDPA STATUTE OF LIMITATION RULE

According to the AEDPA which passed April 24, 1996, the law
regarding the statute of limitation to file in the court is one
year. The Petitioner only has one year, upon gaining knowledge
of new law, to file in the courts upon the new law being enacted.
SB483 was amended and signed October 8, 2021. If the Petitioner
waits until next year, as the Superior Court suggests, he will
be time barred. The CDCR Personnell and Superior Court are pre-
senting a liberty interest and a civil abridgement by not equally

allowing the Petitioner access to the court to cure his invalid
sentence in the timely period governed to the Petitioner by the
AEDPA.

## IN CONCLUSION

The Petitioner is without remedy because the CDCR Personnell,
who is responsible to submit relevant persons, will not submitt
the Petitioner's name to be redressed of an invalid sentence. In
addition the Superior Court will not appoint redress. The Petit-
ioner is within his legal right to seek redress from the court
, as a United States Citizen, for a violaton of law and his civil
rights. As of now the Petitioner is being denied acces to the
Court. If the State Court does not relieve the Petitioner of
his invalid sentence, Petitioner is left to seek civil redress,
because the Petitioner will be time barred from filing, the
expiration for the Petitioner is October 8, 2022.

Petitioner prays the supreme Court to correctly address this
issue and allow Petitioner a resentencing, in accordance with
all laws that apply to his case.

Petitioner has attached his Abstract of Judgment as Attach-
ment AA, the Order for the Third Appellate district, Appeals
Court on May 31, 2022, annd the Denial for Rehearing from the
Third Appellate District, Appeals Court on June 23, 2022, labled
as Attachments AB (05/31/22) and Attachment AC (06/23/22). The
Abstract of judgment can confirm the invalid P.C. 667.5(b) charge
that Petitioner is now illegally sentenced under.

-8-

1    Petitioner has attached the Apeal Motion of May 17, 2022

2   and pray the court to review the argument, points and authorit-

3   ies also subitted. (EXHIBIT F)

4

5

6                              **VERIFICATION**

7

8

9   I, TIANTE SCOTT, State;

10

11    I am the Petitioner in this action. I have read the foregoing

12   petition for Motion  for Review and the facts stated therein

13   are true of my own knowledge, except as to matters that are

14   therein stated on my own information and belief, and as to

15   those matters I believe them to be true.

16

17

18    I declare under penalty of perjury that the foregoing is

19   true and correct and that this declaration was executed at

20   California State Prison-Sacramento, represa california on

21   July ___15th___ , 2022

22

23

24                                  RESPECTFULLY SUBMITTED,

25

26                                  _Tiante Scott_

27                                  TIANTE D. SCOTT

28

                              - 9 -

ATTACHMENT

~~EXHIBIT~~ COVER PAGE

| 1 3 2 |
| --- |

EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: _____ pages.

JURISDICTION:   (Check only one)

☐  Municipal Court

☐  Superior Court

☐  Appellate Court

☐  State Supreme Court

☐  United States District Court

☐  State Circuit Court

☐  United States Supreme Court

☐  Grand Jury

10/26/21, 12:40 PM      Bill Text - SB-483 Sentencing: resentencing to remove sentencing enhancements.

Case 2:22-cv-01815-DB   Document 1   Filed 10/13/22   Page 83 of 87

C5-101

*California*
LEGISLATIVE INFORMATION

| Home | Bill Information | California Law | Publications | Other Resources | My Subscriptions | My Favorites |

**SB-483 Sentencing: resentencing to remove sentencing enhancements.** (2021-2022)



SHARE THIS: 

Date Published: 10/11/2021 02:00 PM

### Senate Bill No. 483

### CHAPTER 728

An act to add Sections 1171 and 1171.1 to the Penal Code, relating to resentencing.

[ Approved by Governor  October 08, 2021. Filed with Secretary of State
October 08, 2021. ]

### LEGISLATIVE COUNSEL'S DIGEST

SB 483, Allen. Sentencing: resentencing to remove sentencing enhancements.

Prior law, in effect until January 1, 2020, required a sentencing court to impose an additional one-year term for each prior separate prison term or county jail felony term served by the defendant for a nonviolent felony, as specified. Prior law, in effect until January 1, 2018, required a sentencing court to impose on a defendant convicted of specified crimes relating to controlled substances, an additional 3-year term for each prior conviction of specified controlled substances crimes, including possession for sale of opiates, opium derivatives, and hallucinogenic substances, as specified. Existing law limits the imposition of these sentencing enhancements to certain specified circumstances.

This bill would declare an enhancement imposed pursuant to one of these prior provisions to be legally invalid. The bill would state the intent of the Legislature to prohibit a prosecutor or court from rescinding a plea agreement based on a change in sentence as a result of this measure. The bill would require the Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county to identify those persons in their custody who are serving a sentence that includes one of these enhancements and provide this information to the sentencing court, as specified. The bill would require this information to be provided by March 1, 2022, for those individuals who are currently serving time for the enhancement and by July 1, 2022, for all others. The bill would require the court, after verifying specified information, to recall the sentence and resentence the individual to remove any invalid sentence enhancements. The bill would require the court to grant this relief to those individuals who have served their base term and any other enhancements and are currently serving the enhancement described above by October 1, 2022, and all other individuals by December 31, 2023. The bill would prescribe specific considerations for the court in resentencing, such as requiring that the resentencing result in a lesser sentence, unless the court finds that a lesser sentence would endanger public safety. The bill would require the court to appoint counsel for an individual subject to resentencing.

By requiring additional duties of county officials, this bill would impose a state-mandated local program.

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement.

This bill would provide that, if the Commission on State Mandates determines that the bill contains costs mandated by the state, reimbursement for those costs shall be made pursuant to the statutory provisions noted above.

10/26/21, 12:40 PM      Bill Text - SB-483 Sentencing: resentencing to remove sentencing enhancements.

Vote: majority Appropriation: no Fiscal Committee: yes Local Program: no Page 84 of 87

## THE PEOPLE OF THE STATE OF CALIFORNIA DO ENACT AS FOLLOWS:

**SECTION 1.** The Legislature finds and declares that in order to ensure equal justice and address systemic racial bias in sentencing, it is the intent of the Legislature to retroactively apply Senate Bill 180 of the 2017–18 Regular Session and Senate Bill 136 of the 2019–20 Regular Session to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements. It is the intent of the Legislature that any changes to a sentence as a result of the act that added this section shall not be a basis for a prosecutor or court to rescind a plea agreement.

**SEC. 2.** Section 1171 is added to the Penal Code, to read:

**1171.** (a) Any sentence enhancement that was imposed prior to January 1, 2018, pursuant to Section 11370.2 of the Health and Safety Code, except for any enhancement imposed for a prior conviction of violating or conspiring to violate Section 11380 of the Health and Safety Code is legally invalid.

(b) The Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and shall provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement. This information shall be provided as follows:

(1) By March 1, 2022, for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the enhancement. For purposes of this paragraph, all other enhancements shall be considered to have been served first.

(2) By July 1, 2022, for all other individuals.

(c) Upon receiving the information described in subdivision (b), the court shall review the judgment and verify that the current judgment includes a sentence enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant. The review and resentencing shall be completed as follows:

(1) By October 1, 2022, for individuals who have served their base term and any other enhancement and are currently serving a sentence based on the enhancement.

(2) By December 31, 2023, for all other individuals.

(d) (1) Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.

(2) The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.

(3) The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.

(4) Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.

(5) The court shall appoint counsel.

(e) The parties may waive a resentencing hearing. If the hearing is not waived, the resentencing hearing may be conducted remotely through the use of remote technology, if the defendant agrees.

10/26/21, 12:40 PM     Bill Text - SB-483 Sentencing: resentencing to remove sentencing enhancements.

Case 1:22-cv-01015-DB     Filed 10/13/22     Page 85 of 87

**SEC. 3.** Section 1172.75 is added to the Penal Code, to read:

1171.1(a) Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid.

(b) The Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and shall provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement. This information shall be provided as follows:

(1) By March 1, 2022 for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the enhancement. For purposes of this paragraph, all other enhancements shall be considered to have been served first.

(2) By July 1, 2022, for all other individuals.

(c) Upon receiving the information described in subdivision (b), the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant. The review and resentencing shall be completed as follows:

(1) By October 1, 2022, for individuals who have served their base term and any other enhancement and are currently serving a sentence based on the enhancement.

(2) By December 31, 2023, for all other individuals.

(d) (1) Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.

(2) The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.

(3) The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.

(4) Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.

(5) The court shall appoint counsel.

(e) The parties may waive a resentencing hearing. If the hearing is not waived, the resentencing hearing may be conducted remotely through the use of remote technology, if the defendant agrees.

**SEC. 4.** If the Commission on State Mandates determines that this act contains costs mandated by the state, reimbursement to local agencies and school districts for those costs shall be made pursuant to Part 7 (commencing with Section 17500) of Division 4 of Title 2 of the Government Code.

10/26/21, 10:03 AM                              Bill Text - SB-81 Sentencing: dismissal of enhancements.



*California*
LEGISLATIVE INFORMATION

| Home | Bill Information | California Law | Publications | Other Resources | My Subscriptions | My Favorites |

### SB-81 Sentencing: dismissal of enhancements. (2021-2022)

SHARE THIS: 

Date Published: 10/11/2021 02:00 PM

**Senate Bill No. 81**

**CHAPTER 721**

CSP SACRAMENTO
RECEIVED
LIBRARY

An act to amend Section 1385 of the Penal Code, relating to sentencing.

[ Approved by Governor October 08, 2021. Filed with Secretary of State
October 08, 2021. ]

---

### LEGISLATIVE COUNSEL'S DIGEST

SB 81, Skinner. Sentencing: dismissal of enhancements.

Existing law generally authorizes a court to dismiss an action or to strike or dismiss an enhancement in the furtherance of justice.

This bill would, except as specified, require a court to dismiss an enhancement if it is in the furtherance of justice to do so. The bill would require a court to consider and afford great weight to evidence offered by the defendant to prove that specified mitigating circumstances are present. The bill would provide that proof of the presence of one or more specified mitigating circumstances weighs greatly in favor of dismissing an enhancement, unless the court finds that dismissal would endanger public safety, as defined.

Vote: majority   Appropriation: no   Fiscal Committee: yes   Local Program: no

## THE PEOPLE OF THE STATE OF CALIFORNIA DO ENACT AS FOLLOWS:

**SECTION 1.** Section 1385 of the Penal Code is amended to read:

**1385.** (a) The judge or magistrate may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal shall be stated orally on the record. The court shall also set forth the reasons in an order entered upon the minutes if requested by either party or in any case in which the proceedings are not being recorded electronically or reported by a court reporter. A dismissal shall not be made for any cause that would be ground of demurrer to the accusatory pleading.

(b) (1) If the court has the authority pursuant to subdivision (a) to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice in compliance with subdivision (a).

(2) This subdivision does not authorize the court to strike the additional punishment for any enhancement that cannot be stricken or dismissed pursuant to subdivision (a).

(c) (1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. "Endanger public safety" means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.

(3) While the court may exercise its discretion at sentencing, nothing in this subdivision shall prevent a court from exercising its discretion before, during, or after trial or entry of plea.

(A) Application of the enhancement would result in a discriminatory racial impact as described in paragraph (4) of subdivision (a) of Section 745.

(B) Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed.

(C) The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed.

(D) The current offense is connected to mental illness.

(E) The current offense is connected to prior victimization or childhood trauma.

(F) The current offense is not a violent felony as defined in subdivision (c) of Section 667.5.

(G) The defendant was a juvenile when they committed the current offense or any prior juvenile adjudication that triggers the enhancement or enhancements applied in this case.

(H) The enhancement is based on a prior conviction that is over five years old.

(I) Though a firearm was used in the current offense, it was inoperable or unloaded.

(4) The circumstances listed in paragraph (2) are not exclusive and the court maintains authority to dismiss or strike an enhancement in accordance with subdivision (a).

(5) For the purposes of subparagraph (D) of paragraph (2), a mental illness is a mental disorder as identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders, including, but not limited to, bipolar disorder, schizophrenia, schizoaffective disorder, or post-traumatic stress disorder, but excluding antisocial personality disorder, borderline personality disorder, and pedophilia. A court may conclude that a defendant's mental illness was connected to the offense if, after reviewing any relevant and credible evidence, including, but not limited to, police reports, preliminary hearing transcripts, witness statements, statements by the defendant's mental health treatment provider, medical records, records or reports by qualified medical experts, or evidence that the defendant displayed symptoms consistent with the relevant mental disorder at or near the time of the offense, the court concludes that the defendant's mental illness substantially contributed to the defendant's involvement in the commission of the offense.

(6) For the purposes of this subdivision, the following terms have the following meanings:

(A) "Childhood trauma" means that as a minor the person experienced physical, emotional, or sexual abuse, physical or emotional neglect. A court may conclude that a defendant's childhood trauma was connected to the offense if, after reviewing any relevant and credible evidence, including, but not limited to, police reports, preliminary hearing transcripts, witness statements, medical records, or records or reports by qualified medical experts, the court concludes that the defendant's childhood trauma substantially contributed to the defendant's involvement in the commission of the offense.

(B) "Prior victimization" means the person was a victim of intimate partner violence, sexual violence, or human trafficking, or the person has experienced psychological or physical trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence. A court may conclude that a defendant's prior victimization was connected to the offense if, after reviewing any relevant and credible evidence, including, but not limited to, police reports, preliminary hearing transcripts, witness statements, medical records, or records or reports by qualified medical experts, the court concludes that the defendant's prior victimization substantially contributed to the defendant's involvement in the commission of the offense.

(7) This subdivision shall apply to sentencings occurring after the effective date of the act that added this subdivision.