UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIANTE DION SCOTT,<br><br>Petitioner,<br><br>v.<br><br>JEFF LYNCH,<br><br>Respondent. | No. 2:22-cv-01815 DB P<br><br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 13, 2022. (ECF No. 1.) Petitioner has also filed an affidavit in support of an application to proceed in forma pauperis. (ECF No. 5.) Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a). Upon screening the petition, however, it plainly appears petitioner is not entitled to relief. It is therefore recommended the court summarily dismiss the petition.

**I.      Screening Requirement**

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. The court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. The court may summarily dismiss a petition for writ of habeas corpus on its own motion

1

after providing the petitioner with adequate notice and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

## II.     Allegations in the Petition

A jury convicted petitioner of four counts of first-degree robbery, resulting in a 36-year prison term imposed in 2009. (ECF No. 1 at 1.) Petitioner was subjected to a sentencing enhancement under California Penal Code § 667.5(b) which, following the enactment of Senate Bill 483 ("SB 483") and former California Penal Code § 1171.1 (eff. Jan. 1, 2022 to June 29, 2022, renumbered § 1172.75 and amended), is now legally invalid. (Id. at 8.)

Even though petitioner is serving an invalid sentence, prison staff has refused to identify him as eligible for resentencing under applicable state law resentencing provisions. (ECF No. 1 at 6-9.) Petitioner filed a motion for resentencing in state court, which the superior court denied. (Id. at 23.) The superior court found that petitioner will be entitled to resentencing under SB 483, but that his request for relief was premature. (Id. at 23.) Petitioner's appeal of the denial of the motion for resentencing was dismissed, and the California Supreme Court denied review. (Id. at 4-5.)

## III.     Failure to State a Claim

The petition fails to assert a cognizable federal claim. Rather, it asserts an alleged state-law sentencing issue. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). This includes the interpretation or application of state sentencing laws. Miller v. Vasquez, 868 F.2d 1116, 1118–19 (9th Cir. 1989) (declining to address "[w]hether assault with a deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions [because it] is a question of state sentencing law"). Federal habeas law only provides a remedy for violations of the Constitution or laws or treaties of the United States. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (as amended) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings). The petition's factual allegations fail to assert a violation of the Constitution or laws or treaties of the United States. Therefore, petitioner's claim that he is serving an invalid sentence under California law, as amended, fails to state a claim.

////

**IV.     Conclusion, Order, and Recommendation**

For the reasons set forth above, it is plain from the petition and appended exhibits that petitioner is not entitled to federal habeas relief. The petition should be summarily dismissed without leave to amend because no tenable claim for relief could be pleaded even with the allegation of additional facts. See Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons set forth in these findings and recommendations, petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall assign a district judge to this case.
2. The Clerk of the Court is directed to serve a copy of the petition filed in this case together with a copy of these findings and recommendations on the Attorney General of the State of California.
3. Petitioner's motion to proceed in forma pauperis (ECF No. 5) is granted.

In addition, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be summarily dismissed.
2. The Court decline to issue the certificate of appealability under 28 U.S.C. § 2253.

These findings and recommendations are submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time


may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 12, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
scot1815.156.fr